David L. Glickman, J.
In this negligence action to recover for personal injuries and property damage, defendant, Dorothy P. Rowe, moves to vacate an order directing a hearing to assess damages, said order having been obtained by plaintiffs because of the purported default of said defendant in appearing or answering to the complaint in this action.
*308 The papers submitted on this motion disclose that the summons and complaint were served upon said defendant, Dorothy P. Rowe, on March 9, 1964. Apparently, service was not effected upon the infant defendant, Delos D. Rowe, Jr. However, an answer in behalf of both defendants was served by mail on March 30, 1964, 21 days after the date of service of the summons and complaint aforesaid. Since the last of the required 20 days for service of the answer fell on a Sunday, service on the twenty-first day as herein made was adequate, if the answer met legal requirements. It appears that plaintiffs rejected the answer as a nullity, contending that the verification thereof failed to meet such legal requirements in that (1) it was executed by the infant, and (2) that the jurat was signed by a notary public outside the State of New York without a certificate attesting to the authority of said notary being attached to said verification. It further appears that the answer, which was mailed as aforesaid on March 30, 1964, was received at the office of plaintiffs ’ attorney on the afternoon of the following day, March 31, 1964. In the meantime, and on the morning of that day, plaintiffs applied for the order to assess damages, as in the case of a default. The fact that plaintiffs’ attorney received the answer later that day .served in no way to deter plaintiffs in their application for the default order. As aforesaid, they had decided to treat the answer as a nullity.
- In essence, the determination of this motion rests upon the validity of said verification in light of the two objections raised by the plaintiffs, as above set forth. As to the first contention that the verification is inadequate since it is made by the infant, the court finds no merit thereto. The infant is 19 years of age. The facts indicate that the car involved in the accident which is the subject of this action was operated by said infant, and .that he was the sole occupant thereof. Of the two defendants, therefore, the infant defendant alone has direct knowledge of the circumstances surrounding the accident. Obviously, he is competent to testify at the trial. It must follow, therefore, that he is also competent to sign the verification to the answer. Plaintiffs argue that he is not a party to the action because he was not served with the summons and complaint. The fact remains that he is named as a party therein and, therefore, has the right to appear and answer to the complaint regardless of whether or not he was served. A voluntary appearance and answer by any party named in an action is authorized by law. (See 3 CarmodyWait, New York Practice, § 36, pp. 382-384.)
Turning next to plaintiffs’ objection that the jurat was signed by a notary without the State of New York and that no certificate *309 of the notary’s authorization is attached to the verification, the court holds that this defect constitutes an irregularity which is subject to correction, and is insufficient to support plaintiffs’ contention that the defendants are in default. Plaintiffs undertook to return the answer as a nullity but afforded defendants no opportunity to correct the defect in the verification either by reverifying the answer before a notary in the State of New York or by attaching the required certificate. The prompt action of the plaintiffs in applying for the order to assess damages on the basis of the alleged default, effectively precluded the defendants from serving an answer with a corrected verification. Defendants should not be deprived of their right to defend this action and of their day in court under the circumstances here disclosed.
Plaintiffs urge that the motion should be denied, in any event, because of the lack of an affidavit of merits. Undoubtedly, an affidavit of merits is requisite to an application to open a default, but the court does not view the instant motion as falling in that category. The defendants here are not in default since an answer was timely served. The irregularity affecting the verification was easy of correction if plaintiffs had afforded defendants the opportunity to do so.
Accordingly, the motion herein is granted and the order to assess damages is vacated. The defendants shall serve their answer, properly verified, within 10 days after service upon their attorney of a copy of the order to be entered hereon.