■ AQUATIC TECHNICAL SERVICES, INC., Appellant, v COUNTY OF NASSAU et al., Respondents. — Judgment of the Supreme Court, Nassau County, dated September 15, 1981, affirmed, with costs, for reasons stated in the opinion of Justice Levitt at Trial Term. Damiani, J. P., O'Connor, Thompson and Brown, JJ., concur.

■ FRANK BARCELONA et al., Plaintiffs, and MATTEO FALCONE et al., Respondents, v ALLIS-CHALMERS DISTRIBUTION SERVICE CORP. et al., Defendants, and RAYNO DISTRIBUTORS, INC., Appellant. (And a Third-Party Action.) FALCONE DAIRY PRODUCTS, INC., Respondent, v AMERICAN HANDLING EQUIPMENT, INC., et al., Defendants, and RAYNO DISTRIBUTORS, INC., Appellant. — In a negligence action, *inter alia,* to recover damages for personal injuries, defendant Rayno Distributors, Inc., appeals, as limited by a "stipulation" dated December 17, 1981, from so much of an order of the Supreme Court, Kings County (Rader, J.), dated January 14, 1981, as denied its application to dismiss the complaints of plaintiffs Matteo Falcone, Mildred Fallo, Matthew Fallo, and Falcone Dairy Products, Inc., for failure to prosecute. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and the complaints of the aforesaid plaintiffs are dismissed as against defendant Rayno Distributors, Inc. The failure to provide an affidavit of merits or a reasonable excuse for the delay requires that the complaints be dismissed as against the plaintiffs concerned (see *Fichera v City of New York,* 79 AD2d 597; *Wing v Chammas,* 78 AD2d 887). Damiani, J. P., Gulotta, Rubin and Boyers, JJ., concur.