■ CARLA M. LAFASCIANO et al., Appellants, v JOSEPH P. LORBER, Respondent. [823 NYS2d 427]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated March 28, 2005, as granted that branch of the defendant's motion which was for summary judgment dismissing the fourth cause of action seeking interest on funds held by the defendant in an escrow account, and denied their cross motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

During a matrimonial action between Carla M. Lafasciano and Charles N. Lafasciano, the Supreme Court determined that the proceeds of the sale of certain real property owned by a closely held family corporation, Tor Terrace Associates (hereinafter Tor), were marital property. By order dated December 4, 2002, the court directed Joseph P. Lorber, the attorney representing Tor in the sale, to hold the sale proceeds in escrow, and Lorber put the sum of $76,719.18—which was the sum remaining after deducting his $4,000 legal fee, other fees, and costs—in a noninterest-bearing escrow account. Following a nonjury trial on the issue of equitable distribution, among other things, the Supreme Court determined that the sale proceeds held in the escrow account, as well as certain other marital assets, should

be divided equally between Carla M. Lafasciano and Charles N. Lafasciano. On April 5, 2004 Lorber released the sum of $38,359 to Carla M. Lafasciano's attorney, but Lorber's escrow check contained a notation indicating that the money was to be credited toward Charles N. Lafasciano's obligation to pay the sum of $42,500 of Carla M. Lafasciano's legal fees in the divorce action. Lorber also released the remainder of the escrowed money to pay "corporate debt." After Carla M. Lafasciano objected, the Supreme Court held that Charles N. Lafasciano was not entitled to a credit for $38,359 against his obligation to pay legal fees and directed Carla M. Lafasciano's attorney to release the $38,359 to her.

Subsequently, Carla M. Lafasciano and Tor commenced this action against Lorber, alleging, inter alia, that Lorber's $4,000 legal fee was excessive, that he breached his fiduciary duty to them, that he committed legal malpractice in his representation of Tor, and that Carla M. Lafasciano was entitled to damages for the interest that she did not receive because Lorber put the sale proceeds in a noninterest-bearing escrow account. Lorber moved for summary judgment dismissing the complaint, asserting that his actions were authorized by the judgment rendered in the matrimonial action and by Tor (i.e., by Charles N. Lafasciano, whom Lorber recognized as the sole corporate officer possessed with authority to act on behalf of Tor). The plaintiffs cross-moved for summary judgment predicated primarily on the opposing contention that Charles N. Lafasciano had no authority to act on behalf of Tor and had no ownership interest in Tor. The Supreme Court granted that branch of Lorber's motion which was for summary judgment dismissing the fourth cause of action seeking interest, and otherwise denied the motion and denied the cross motion, indicating that triable issues of fact were present. We affirm.

The Supreme Court correctly granted that branch of the motion which was for summary judgment dismissing the fourth cause of action seeking interest. The plaintiffs failed to submit proof or otherwise demonstrate that the court directed Lorber to place the sale proceeds in an interest-bearing account, and Judiciary Law § 497 (4) authorized Lorber to deposit the sale proceeds in a noninterest-bearing escrow account. Moreover, in view of the competing contentions of the former spouses as to their respective interests and control over Tor, the Supreme Court properly concluded that triable issues of fact were present which otherwise precluded summary judgment on the cross motion.

The plaintiffs' remaining contentions are without merit. Florio, J.P., Ritter, Goldstein and Lifson, JJ., concur.