■ Parsippany Construction Company, Inc., Appellant, v Clark Patterson Associates, P.C., Respondent. [839 NYS2d 179]—

In an action, inter alia, to recover damages for negligence, the plaintiff appeals from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated February 16, 2006, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the allegations in the complaint should be accepted as true (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Such a motion should be granted only where, even viewing the allegations as true, the plaintiff still cannot establish a cause of action (*see Morales v Copy Right, Inc.*, 28 AD3d 440, 441 [2006]; *Hartman v Morganstern*, 28 AD3d 423, 424 [2006]; *Asgahar v Tringali Realty, Inc.*, 18 AD3d 408, 409 [2005]). The court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez, supra* at 87-88).

However, "bare legal conclusions and factual claims which are flatly contradicted by the evidence are not presumed to be true on a motion to dismiss for failure to state a cause of action" (*Meyer v Guinta*, 262 AD2d 463, 464 [1999]; *see Ahmed v Getty Petroleum Mktg., Inc.*, 12 AD3d 385, 385-386 [2004]; CPLR 3211 [a] [1]).

Here, the plaintiff's allegation that the defendant owed it a duty of care was flatly contradicted by the plaintiff's contract with the nonparty school district that had hired both the plaintiff and the defendant, which expressly provided that no contractual relationship arose between the parties by virtue of that contract. The plaintiff failed otherwise to allege any valid basis for the imposition of a duty of care. Therefore, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action. Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.