GENTIL FALLA, Appellant, v KEEL HOLDINGS, LLC, et al., Defendants, and TOBEY MADISON, LLC, Respondent. [854 NYS2d 665]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated May 31, 2007, as denied that branch of his motion which was for leave to enter judgment against the defendant Tobey Madison, LLC, upon its failure to timely answer the complaint, and granted the cross motion of that defendant to compel the plaintiff to accept late service of its answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to enter a default judgment against the defendant Tobey Madison, LLC (hereinafter the defendant) and granting the defendant's cross motion to compel the plaintiff to accept its answer, thereby excusing the defendant's delay in serving it (*see* CPLR 2004, 3012 [d]). Considering the lack of any prejudice to the plaintiff as a result of the relatively short delay, the existence of potentially meritorious defenses, and the public policy favoring the resolution of cases on the merits, the Supreme Court properly excused the defendant's delay in answering (*see Mele v Okubo,* 36 AD3d 599, 600-601 [2007]; *A & C Constr. Inc. of N.Y. v Flanagan,* 34 AD3d 510 [2006]; *Schonfeld v Blue & White Food Prods. Corp.,* 29 AD3d 673, 674 [2006]; *New York & Presbyt. Hosp. v Auto One Ins. Co.,* 28 AD3d 441 [2006]; *Yonkers Rib House, Inc. v 1789 Cent. Park Corp.,* 19 AD3d 687, 688 [2005]; *Rodriguez v L&S Sons,* 295 AD2d 492 [2002]; *Schmidt v Dutch Bldrs.,* 111 AD2d 799 [1985]). Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.