GERTRUDE WIESEL, Appellant, v FRIENDS EXHAUST SYSTEMS, INC., et al., Defendants, and T & S FOOD MARKET CORP. et al., Respondents. [896 NYS2d 887]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Miller, J.), dated November 3, 2008, as denied those branches of her motion which were pursuant to CPLR 3215 for leave to enter judgment against the defendants T & S Food Market Corp. and Haros Realty Corp., upon their respective defaults in appearing or

answering the complaint, granted the cross motion of the defendant Haros Realty Corp. pursuant to CPLR 2004 and 3012 (d) to compel her to accept late service of its answer or to extend its time to answer the complaint, and, in effect, granted that branch of the separate cross motion of the defendant T & S Food Market Corp. which was pursuant to CPLR 3012 (d) to compel her to accept late service of its answer.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court providently exercised its discretion in denying those branches of the plaintiff's motion which were pursuant to CPLR 3215 for leave to enter a default judgment against the defendants T & S Food Market Corp. and Haros Realty Corp., upon their respective defaults in appearing or answering the complaint, in granting the cross motion of the defendant Haros Realty Corp. pursuant to CPLR 2004 and 3012 (d) to compel the plaintiff to accept late service of its answer or to extend its time to answer the complaint, and, in effect, in granting that branch of the separate cross motion of the defendant T & S Food Market Corp. which was pursuant to CPLR 3012 (d) to compel the plaintiff to accept late service of its answer. "Considering the lack of any prejudice to the plaintiff as a result of the relatively short delay[s], the existence of potentially meritorious defenses, and the public policy favoring the resolution of cases on the merits, the Supreme Court properly excused the [respondents'] delay in answering" (*Falla v Keel Holdings, LLC*, 50 AD3d 844, 845 [2008]; *see A & C Constr. Inc. of N.Y. v Flanagan*, 34 AD3d 510, 510 [2006]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Florio, Miller, Chambers and Roman, JJ., concur.