[905 NYS2d 847]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v JULIO MARTINEZ, Defendant.

Criminal Court of the City of New York, Bronx County, June 11, 2010

## APPEARANCES OF COUNSEL

*Legal Aid Society*, Bronx (*Brian E. Kelly* of counsel), for defendant.

## OPINION OF THE COURT

RUBEN FRANCO, J.

On April 20, 2009 Julio Martinez was issued a summons charging him with disorderly conduct in violation of Penal Law § 240.20 (7). Mr. Martinez has moved to dismiss the summons on the ground that it is facially insufficient.

Facial sufficiency is a nonwaivable, jurisdictional prerequisite to a criminal prosecution (*People v Alejandro*, 70 NY2d 133 [1987]). The Court of Appeals has held that so long as the factual allegations of an accusatory instrument give a defendant sufficient and "adequately detailed" notice so as to prepare a defense and be prevented from being tried twice for the same offense, it should be given a fair and not overly restrictive or technical reading (*People v Casey*, 95 NY2d 354, 360 [2000]).

In the instant matter, the police officer who issued the summons alleges in the factual recitation of the summons that Mr. Martinez acted in a disorderly manner because he had "his pants down below his buttocks exposing underwear potentially showing private parts." A person is guilty of violating Penal Law § 240.20 (7) when he intentionally "cause[s] public inconvenience, annoyance or alarm, or recklessly creates the risk thereof [when h]e creates a hazardous or physically offensive condition by any act serving no legitimate purpose." The offensive conduct must be "public in nature and must cause inconvenience, annoyance, or alarm to a substantial segment of the public," or must be sufficient enough to establish beyond a reasonable doubt that there was imminent risk of a breach to the public peace (*see People v Griswald*, 170 Misc 2d 38, 41 [1996]).

There has been extensive commentary in the past two decades about "sagging" pants. This trend of wearing pants well below the waistline is believed to have its roots in this country's prison system where inmates are issued uniforms which are often too big and the wearing of belts is prohibited due to safety concerns (*see "Sagging (fashion)"*, http://en.wikipedia.org/wiki/Sagging_(fashion) [accessed Apr. 20, 2010]). Several cities and towns around the country have enacted legislation seeking to prohibit this mode of dress, and impose fines or incarceration upon conviction (*id.*; *see also* T. Baldas, *In Certain Jurisdictions, Sagging Pants are more than a Fashion Faux Pas*, Nat'l LJ, July 16, 2008; N. Koppel, *Are Your Jeans Sagging? Go Directly to Jail*, New York Times, Aug. 30, 2007, at 61).

New York has no such legislation, but there have been numerous attempts to regulate dress and personal appearance by school districts and government agencies. In reviewing these regulations, courts have tested their validity by balancing the interests of the government entity, with the individual's right to dress as he chooses (*see e.g. Kelley v Johnson*, 425 US 238 [1975] [United States Supreme Court held that Suffolk County Police

Department's interest in having its officers maintain a similar appearance justified having strict grooming standards]; *Matter of Scott v Board of Educ., Union Free School Dist. No. 17*, 61 Misc 2d 333 [1969] [a school dress code barring female students from wearing slacks between December 1 and March 31 was annulled]; *Zalewska v County of Sullivan, N.Y.*, 180 F Supp 2d 486 [2002] [a regulation requiring County van operators to wear uniforms and barring female operators from wearing skirts was upheld]; *Matter of Greenwald v Frank*, 70 Misc 2d 632 [1972] [holding that a policeman's right to dictate his personal grooming is outweighed by the interest of the police department to maintain an appearance of discipline and efficiency]).

In a case where a local government sought to regulate the general public's clothing and/or appearance, the New York Court of Appeals struck down an ordinance prohibiting persons from appearing in public in "bathing costume or in any other than customary street attire" because the statute did not specify the prohibited clothing (*People v O'Gorman*, 274 NY 284, 286 [1937]). In drafting the current disorderly conduct statute, the New York State Legislature clearly did not intend for it to be used to regulate public dress. Rather, it was written to proscribe conduct which affects the public tranquility or violates the public order. The Commentaries of the current statute, as well as section 250.2 (1) (c) of the Model Penal Code, from which section 240.20 was partially derived, are very similar, and neither mentions their application to regulating an individual's choice of dress or personal appearance.

This accusatory instrument is devoid of any allegation that Mr. Martinez's conduct in wearing his pants below the waistline, disturbed the public tranquility or violated the public order. The police officer's factual recitation is conclusory and does not allege any disturbance to the "wonted calm of the whole community or of any sizeable segment thereof" (*see People v Chesnick*, 302 NY 58, 61 [1950]). Nor does it indicate that Mr. Martinez, by exhibiting what was certainly the colorful drawers usually worn by those who dress in this manner, acted with the requisite intent to cause public inconvenience, annoyance or alarm, or recklessly create the risk thereof (*see People v Hill*, 60 Misc 2d 277 [1969]; *see also* Penal Law § 240.20 [7]).

The issuance of this summons appears to be an attempt by one police officer to show his displeasure with a particular style of dress. While most of us may consider it distasteful, and indeed foolish, to wear ones pants so low as to expose the underwear,

as the Court stated in *O'Gorman*, "[p]eople can dress as they please, wear anything, so long as they do not offend public order and decency" (*id*. at 287). Moreover, "[t]he Constitution still leaves some opportunity for people to be foolish if they so desire" (*id*.).

For the reasons set forth above, this court finds that the summons is facially insufficient. Therefore, the defendant's motion to dismiss the accusatory instrument is granted.