OPINION OF THE COURT
Chereé A. Buggs, J.
Plaintiff Jormar Construction Co., Inc. filed a motion, pursuant to Civil Practice Law and Rules § 3215 (a) and (b), seeking entry of a default judgment against defendant Henry Tinawi, also known as Henry Tenawi, or, in the alternative, scheduling an inquest in plaintiff’s favor to assess damages and award costs to plaintiff. Defendant filed a cross motion to compel plaintiff to accept defendant’s answer or, in the alternative, to allow defendant time to serve the answer, and seeking costs, fees, disbursements, and reasonable legal fees.
Plaintiff brought the underlying action in August 2010 to recover an alleged balance due of $24,922.50 for construction services it performed for defendant. On September 20, 2010, the parties entered into a stipulation extending defendant’s time to file an answer to 20 days after the stipulation. In motion supporting papers dated October 13, 2010, plaintiff contended that, as of that date, defendant had not filed his answer.
In his cross motion, defendant countered that, on October 7, 2010, he mailed a verified answer with counterclaims to plaintiffs attorney. Upon receiving plaintiffs motion seeking a default judgment against him, defendant learned that plaintiff did not receive his answer with counterclaims. Defendant’s attorney, Olga Belenitsky, attested in her affirmation in support of defendant’s cross motion that, because of an office error, a digit in the post office box in the address of plaintiffs attorney was inadvertently omitted. She annexed as “Exhibit H” of defendant’s papers a copy of the returned envelope postmarked October 7, 2010 and addressed to plaintiffs attorney, Miguel A. Tere, Esq. (Tere Law Office, PC.) at “PO. Box 75081, Forest Hills, NY 11375.” As per the legal back on Mr. Terc’s motion papers, the correct address for his law office is “PO. Box 750281, Forest Hills, NY 11375.” Defendant’s attorney clearly omitted the digit “2” in the post office address.
Ms. Belenitsky further affirmed that she sent plaintiffs attorney a copy of the answer by mail to the correct address on October 21, 2010, but that on October 22, 2010, he sent a rejection of the answer by facsimile.
*412 In its reply papers, plaintiffs main contentions are that: (1) regardless of defendant’s attempted service by mail on October 7, 2010, his answer was not filed in court until October 19, 2010, and was, therefore, according to the terms of the stipulation, nine days late; and (2) defendant failed to establish a meritorious defense through an affidavit of merit.
“ ‘A defendant who has failed to timely appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a meritorious defense to the action, when opposing a motion for leave to enter judgment upon its failure to appear or answer and moving to extend the time to answer or to compel the acceptance of an untimely answer’ ” (Moriano v Provident N.Y. Bancorp, 71 AD3d 747, 747 [2d Dept 2010], quoting Lipp v Port Auth. of N.Y. & N.J., 34 AD3d 649, 649 [2d Dept 2006]).
Regarding the issue of excusable default, the court deems defendant’s attorney’s omission of a digit in plaintiffs attorney’s address to constitute law office failure. CPLR 2005 states: “Upon an application satisfying the requirements of subdivision (d) of section 3012 or subdivision (a) of rule 5015, the court shall not, as a matter of law, be precluded from exercising its discretion in the interests of justice to excuse delay or default resulting from law office failure.” Further, CPLR 3012 (d) provides: “Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default.”
Plaintiffs motion and reply papers are devoid of any argument that defendant’s delay prejudiced it in any way.
“Considering the lack of any prejudice to plaintiff as a result of the short delay, defendants’ showing of a reasonable excuse for their delay, the existence of a potentially meritorious defense, and the public policy favoring the resolution of cases on the merits, the Civil Court did not improvidently exercise its discretion in excusing defendants’ delay in answering” (Rodriguez v Triani, 28 Misc 3d 130[A], 2010 NY Slip Op 51256[U], *1 [App Term, 2d, 11th & 13th Jud Dists 2010]; see also Wiesel v Friends Exhaust Sys., Inc., 71 AD3d 1006 [2d Dept 2010]).
The court finds defendant’s law office failure to be a reasonable excuse for delay in this matter.
*413 Plaintiff asserts that defendant failed to offer an affidavit of merit establishing a meritorious defense. Indeed, it has been firmly established in New York case law for many years that
“[t]he favor of the court should be extended upon proper terms when the litigant who has a meritorious cause of action or defense has through inadvertence or neglect lost his right to have his day in court[, but that] favor should be withheld when it is not shown that there is a meritorious controversy” (Rothschild v Haviland, 172 App Div 562, 563 [1st Dept 1916]).
It has also long been held that a meritorious defense must be substantiated by an affidavit of merit (Barcelona v Allis-Chalmers Distrib. Serv. Corp., 89 AD2d 841 [2d Dept 1982]; Inserra v Porto, 33 AD2d 1092 [4th Dept 1970]; Serani v Rowe, 43 Misc 2d 307 [Sup Ct, Suffolk County 1964]; Harkavy v Bay State Mfg. Co., 13 Misc 2d 437 [App Term, 2d Dept 1958]; Gish Realty Corp. v Moskowitz, 13 Misc 2d 314 [App Term, 2d Dept 1958]; Schulte Leasing Corp. v Friedman, 61 NYS2d 665 [App Term, 1st Dept 1946]). Moreover, the Appellate Term has recently held that it was error for the trial judge to compel acceptance of a defendant’s late answer and deny a plaintiff’s cross motion for an inquest and default judgment in the absence of the showing of a meritorious defense (Cabral v Wolf, 22 Misc 3d 131 [A], 2009 NY Slip Op 50164[U] [App Term, 2d, 11th & 13th Jud Dists 2009]). In Cabral, the court found the defense attorney’s conclusory statements in an affirmation insufficient to establish a meritorious defense.
However, the Appellate Division, Second Department, has held that “[a] verified pleading may be accepted in lieu of an affidavit of merit” (Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 353, 356 [2d Dept 2005]; see A & J Concrete Corp. v Arker, 54 NY2d 870 [1981]). The court also takes note of CPLR 105 (u), which plainly states: “A ‘verified pleading’ may be utilized as an affidavit whenever the latter is required.” In Juseinoski, the Court found that the defendant failed to establish a meritorious defense, since the answer was only verified by counsel, and not “by a party with knowledge of the facts” (Juseinoski, 15 AD3d at 358). Here, defendant annexed to his papers his answer and counterclaim, verified by defendant himself, Henry Tinawi, on October 6, 2010. The court accepts defendant’s verified answer herein in lieu of an affidavit of merit.
Plaintiff further argues in its reply papers that the September 20, 2010 stipulation extending defendant’s time to reply *414 required that the answer or motion be filed in 20 days, but that the answer was not filed with the court until October 19, 2010. The stipulation reads:
“It is hereby stipulated and agreed, by and between the undersigned attorneys for Plaintiff and Defendants that the time by when Defendants must file an Answer or a Motion in response to the Summons and Complaint is hereby extended by an additional 20 days from execution. A facsimile copy shall be deemed an original.”
Notwithstanding the stipulation language requiring that defendant “file” an answer or motion by the extension period, the operative action required by defendant was to make an appearance. Regarding what constitutes an appearance, CPLR 320 (a) provides in part: “The defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer” (emphasis added).
Pursuant to CPLR 320 (a), the court therefore construes the stipulation to require that defendant serve plaintiff his answer or motion in 20 days, and not that he merely file his papers in court. The date of defendant’s court filing is inconsequential, since the dispositive issue is when his appearance or, in this case, the attempt to appear, occurred.
Based on the foregoing, the court denies, in its entirety, plaintiffs motion for entry of a default judgment against defendant and the alternative requested relief to schedule an inquest. Defendant’s cross motion to compel plaintiff to accept defendant’s answer with counterclaims is granted. However, the branch of defendant’s motion seeking “all costs, disbursements, reasonable legal fees” is denied.