MICHAEL A. HENSE, Appellant, v JANETTE A. BAXTER, Respondent. [914 NYS2d 200]—

In an action to recover damages for fraud and breach of fiduciary duty, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated June 17, 2009, as denied his cross motion pursuant to CPLR 3215 for leave to enter a default judgment and granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against the attorney who represented his former wife in a divorce action that resulted in a May 21, 2007, stipulation of settlement (hereinafter the stipulation). The stipulation expressed the plaintiff's agreement, inter alia, to the distribution of three bank accounts, for taxes to be paid from two of the accounts, and for the plaintiff to retain his interest in one retirement account and to receive a credit from the former wife for the plaintiff's interest in a second retirement account.

In the complaint, which was served on January 22, 2009, the plaintiff alleged that the attorney for his former wife committed fraud and breached her fiduciary duty to him by, inter alia, advising his former wife to conceal the funds in two retirement

accounts and four bank accounts prior to the former wife's commencement of the divorce action. The plaintiff also alleged, inter alia, that the defendant breached her fiduciary duty to him by depositing the proceeds from the sale of the marital residence into a noninterest bearing IOLA account, except for approximately $16,000, which she deposited into a noninterest bearing client beneficial trust account without advising him or his former wife.

The defendant moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. The motion, which was served on March 5, 2009, was not made within the time provided by CPLR 320 (a). However, the defendant's attorney asserted that during a conversation on February 12, 2009, the plaintiff agreed to extend the defendant's time to respond to the complaint to March 12, 2009. The defendant's attorney indicated that the plaintiff later denied having agreed to the extension, and the plaintiff cross-moved for leave to enter a default judgment.

The Supreme Court providently exercised its discretion in denying the plaintiff's cross motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendant. "Considering the lack of any prejudice to the plaintiff as a result of the relatively short delay, the existence of potentially meritorious defenses, and the public policy favoring the resolution of cases on the merits" (*Falla v Keel Holdings, LLC*, 50 AD3d 844, 845 [2008]), the Supreme Court properly excused the defendant's short delay in responding to the complaint (*see Wiesel v Friends Exhaust Sys., Inc.*, 71 AD3d 1006 [2010]; *Lawrence v Palmer*, 59 AD3d 394 [2009]; *Keselman v City of New York*, 56 AD3d 727 [2008]).

"On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), [t]he sole criterion is whether from [the complaint's] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Chiu v Man Choi Chiu*, 71 AD3d 621, 622 [2010], quoting *Aranki v Goldman & Assoc., LLP*, 34 AD3d 510, 511 [2006] [internal quotation marks omitted]). The complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Katz v Katz*, 55 AD3d 680, 682 [2008]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]). However, " 'bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true' " (*Paolino v Paolino*, 51 AD3d 886, 887 [2008], quoting *Parola,*

*Gross & Marino, P.C. v Susskind*, 43 AD3d 1020, 1021-1022 [2007]; *see Parsippany Constr. Co., Inc. v Clark Patterson Assoc., P.C.*, 41 AD3d 805 [2007]).

A cause of action alleging fraud requires a plaintiff to establish a misrepresentation or omission of material fact which the defendant knew was false, that the misrepresentation was made to induce the plaintiff's reliance, the plaintiff's justifiable reliance on the misrepresentation or material omission, and a resulting injury (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Jablonski v Rapalje*, 14 AD3d 484, 487 [2005]; *Schomaker v Pecoraro*, 237 AD2d 424, 426 [1997]). Damages are limited to actual loss, not to provide compensation for a possible gain (*see Lama Holding Co. v Smith Barney*, 88 NY2d at 421).

Since the allegations in the complaint established that the plaintiff knew of the existence of the retirement and bank accounts which he alleged the defendant failed to disclose, the causes of action alleging fraud were properly dismissed for failure to allege the necessary elements of reliance and injury (*see Deutsche Bank Natl. Trust Co. v Sinclair*, 68 AD3d 914, 916 [2009]; *Regina v Marotta*, 67 AD3d 766 [2009]; *Daly v Kochanowicz*, 67 AD3d 78, 91 [2009]; *Ideal Steel Supply Corp. v Anza*, 63 AD3d 884 [2009]; *Jablonski v Rapalje*, 14 AD3d at 487).

The Supreme Court also properly dismissed the cause of action to recover damages for breach of fiduciary duty. Pursuant to Judiciary Law § 497 (4), an attorney has discretion to determine whether monies received in a fiduciary capacity from a client or beneficial owner must be deposited in noninterest or interest bearing accounts (*see Lafasciano v Lorber*, 33 AD3d 666, 667 [2006]). Moreover, an attorney cannot be held liable in damages for making a good-faith judgment that such monies could be deposited in an IOLA account (*see* Judiciary Law § 497 [5]). Here, there was no allegation of an improvident exercise of discretion or bad faith.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Dillon, Angiolillo and Austin, JJ., concur.