*491 OPINION OF THE COURT
Steven M. Jaeger, J.
Plaintiff HOPE Assoc, of Syosset LLC (hereinafter HOPE) commenced this action on or about April 18, 2012, subsequent to the related action known as Pedote v STP Assoc., LLC (36 Misc 3d 1227CA], 2012 NY Slip Op 51521[U] [2012, index No. 4729/12]), previously pending before this court. HOPE alleges it is a homeowners’ association acting on behalf of the tenants of Syosset Trailer Park. However, the complaint does not specifically allege when HOPE was formed by the homeowners.
HOPE claims there has been “a change in the control, management and operation” of defendant STP “sufficient” that the right of first refusal set forth in Real Property Law § 233-a has been triggered giving HOPE the right to purchase the property.
Prior to commencement of this action, three prior actions were brought in this court by tenants-homeowners of the Syosset Trailer Park against defendant STP The Pedote action, the third such action, was dismissed by order of this court dated July 23, 2012, holding that the plaintiffs’ claims therein were barred by res judicata and collateral estoppel.
The history of the two prior litigations was set forth in the decision and order of Justice Thomas P Phelan dated December 10, 2010 dismissing the action entitled Drasser v STP Assoc., LLC (2010 NY Slip Op 33484[U] [2010, index No. 15465/2009]):
“Defendant, STP Associates, LLC (‘STP’), purchased the Syosset Trailer Park located at 80 West Jericho Turnpike, Syosset, New York, in 2007. Plaintiffs are the remaining tenants at the trailer park. Real Property Law § 233(e) requires each manufactured home park owner to offer each tenant the opportunity to enter into a lease with a term of not less than one year. On June 1, 2007, STP sent each tenant of the park a written lease in which it offered a one-year rental agreement. None of the plaintiffs executed the lease agreement. Therefore, as of September 1, 2007, they became month-to-month tenants of the park. In September 2007, STP terminated plaintiffs’ tenancies.
“In November 2007, it commenced eviction proceedings against each of the individual plaintiffs in the Nassau County District Court, First District, Landlord/Tenant Part. In response to those proceed *492 ings, plaintiffs commenced a lawsuit in Nassau County Supreme Court, entitled Amatuzio v STP, index number 021154/07 (the prior action). The first cause of action sought to void the sale of the park from Hormi Holding to STP based on an alleged violation of RPL § 233(b)(6). The second cause of action sought a court order directing STP to provide a six-month notice of change of use pursuant to RPL § 233 prior to commencing eviction proceedings. The third cause of action sought an order directing STP to modify the proposed written lease to include terms and conditions favorable to and desired by plaintiffs. The fourth cause of action alleged that the proposed rent increase by STP violated RPL § 233(g)(3) and sought an order directing compliance with that requirement.
“Simultaneously with the filing of the prior action, plaintiffs sought and obtained a temporary restraining order from this court preventing STP from continuing the holdover proceedings and the District Court from considering the proceedings or issuing a judgment of eviction. In denying plaintiffs’ request for a preliminary injunction, this court determined that STP offered leases to plaintiffs in accordance with the statute. None were executed, thereby creating a month-to-month tenancy. (Decision of the Hon. Thomas R Phelan, dated 3/20/08, Amatuzio, et al. (2008 NY Slip. Op. 30867(H), Sup. Ct. Nassau County) (p. 4) (the prior decision). On April 29, 2008, plaintiffs filed for, and were granted, a further stay of the summary proceedings by the Appellate Division, Second Department.
“One of the major contentions of plaintiffs in the prior action was that they were entitled to a six-month change-of-use notice before the commencement of a holdover proceeding against residents of a manufactured home park. In the context of the prior action, on May 30, 2008, the parties agreed in a written stipulation to the following: 1) Defendant STP retroactively withdrew all previous Notices to Terminate served on plaintiffs as if the same had never been served and retroactively restored the tenancies. The pending Holdover Summary Proceedings were withdrawn. 2) In accordance with Real Property Law § 233(b)(6), STP agreed to serve six (6) months Change of Use notices on each plaintiff *493 herein prior to commencing a Summary Holdover Proceeding based on a month-to-month termination. 3) The second cause of action in plaintiff’s Amended Complaint was withdrawn. 4) Plaintiffs withdrew their appeal to the Appellate Division Second Department.
“In June 2008, plaintiff served a Six Month Change of Use Notice, pursuant to Real Property Law § 233(b)(6) advising defendants that the owner proposed a change in the use of the park and that their month-to-month tenancies were terminated as of December 31, 2008. Pending the expiration of the notices of termination, defendant filed Non-Payment Summary Proceedings, which were concluded by stipulation. Plaintiffs settled the non-payment proceedings by paying approximately 19 months rent of the 23 claimed due.
“On August 6, 2008, the prior action was discontinued with prejudice by stipulation. Three homeowners residing at the park (Giner Bonner, Marcy Rappaport and Lisa Caramico) were not provided with the Notice of Termination when the other plaintiffs were served. Defendant was prohibited by federal bankruptcy law from giving notice to those three homeowners (United States Bankruptcy Code, 11 U.S.C. § 362). The bankruptcy stay relative to these three residents was lifted by the United States Bankruptcy Court, Eastern District of New York, on March 9, 2010 (Orders of the Hon. Robert E. Gross-man, dated March 9, 2010). These homeowners were served Notices of Change In Use on March 17, 2010, with a termination date of September 30, 2010. The court notes that on January 26, 2010, defendant also served Notices of Termination on each plaintiff advising that each of their tenancies would terminate on March 31, 2010.
“In the action now before the court, plaintiffs again seek a preliminary injunction pursuant to CPLR 6311 enjoining STP from commencing any eviction proceedings against plaintiffs in reliance on its service on plaintiffs of the Notice to Quit dated September 15, 2009, that stated ‘Six Month Notice of Proposed Change in Use of the Land Comprising Syosset Trailer’s Park.’ Plaintiffs also seek an order directing summary judgment pursuant to CPLR *494 3212 on the first cause of action, declaring and setting forth the rights of the parties, specifying that plaintiffs are in good standing and were entitled to a written lease for a te[r]m of at least twelve months on or before October 1, 2009, containing terms and conditions, including provisions for rent and other charges, consistent with all rules and regulations promulgated by the manufactured home park owner/operator prior to the date of the offer, with rent charges identical to the rents currently paid by plaintiff; on the second and third causes of action, declaring and setting forth the rights of the parties, specifying that the Notices to Quit are null and void and of no effect; on the fourth cause of action, permanently enjoining STP from serving any further notices pursuant to RPL § 233, without leave of the court, on any of plaintiffs or until such time as the court may determine that STP is in compliance with the requirements of RPL § 233 (b)(6)(i); and declaring that pursuant to RPL § 233(b)(6), STP may only move forward to evictions based on an actual change in use, not a proposed change in use.”
Justice Phelan dismissed the Drasser complaint, holding that STP’s September 2009 change of use notices complied with Real Property Law § 233 as a predicate to commence holdover proceedings, that plaintiffs were not entitled to further lease offerings, that the stipulation discontinuing the first action was valid and enforceable, and that plaintiffs were not entitled to injunctive relief.
The Appellate Division, Second Department, affirmed the order dismissing the complaint by order dated December 13, 2011. (Drasser v STP Assoc., LLC, 90 AD3d 701 [2011].) Plaintiffs sought unsuccessfully to stay Justice Phelan’s order during the pendency of that appeal.
As a result, STP commenced summary holdover proceedings to evict the plaintiffs in the District Court of Nassau County. Plaintiffs engaged in motion practice in that court challenging the change of use notices. By order dated December 15, 2011, the District Court (Fairgrieve, J.) rejected plaintiffs’ challenges and held the notices to be proper. (STP Assoc., LLC v Drasser, 33 Misc 3d 1235CA], 2011 NY Slip Op 52243[U].)
Current Litigation
Defendant STP moves to dismiss the complaint herein pursuant to CPLR 3211 (a) (7), denying that any right of first refusal *495 has been triggered as a matter of both law and fact. STP contends that no “bona fide offer to purchase” has been received and that the complaint does not allege otherwise. STP argues that without such a bona fide offer by a purchaser who intends to change the use of the land no statutory right of first refusal comes into existence.
It is STP’s position that ownership of the property did not change, only a change in the distribution of the ownership structure of STP (a limited liability company) among existing members/owners of said LLC.
However, upon a motion pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court’s inquiry is limited. On such a motion, the court must accept as true the facts “alleged in the complaint and submissions in opposition to the motion, [and] accord plaintiffs the benefit of every possible favorable inference,” determining only “whether the facts as alleged fit within any cognizable legal theory.” (Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]; see People v Coventry First LLC, 13 NY3d 108 [2009]; Polonetsky v Better Homes Depot, 97 NY2d 46, 54 [2001]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Feldman v Finkelstein & Partners, LLP, 76 AD3d 703 [2d Dept 2010].) A motion to dismiss pursuant to CPLR 3211 (a) (7) will fail if, taking all facts alleged as true and according every possible inference favorable to the plaintiff, “the complaint states in some recognizable form any cause of action known to our law.” (Sheroff v Dreyfus Corp., 50 AD3d 877, 877-878 [2d Dept 2008].)
A plaintiff is not ordinarily obligated to demonstrate evidentiary facts to support the allegations contained in the complaint (Stuart Realty Co. v Rye Country Store, 296 AD2d 455 [2d Dept 2002]), nor is “[w]hether a plaintiff can ultimately establish its allegations . . . part of the calculus in determining a motion to dismiss.” (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005].)
“However, ‘bare legal conclusions and factual claims which are flatly contradicted by the evidence are not presumed to be true on a motion to dismiss for failure to state a cause of action.’ ” (Parsippany Constr. Co., Inc. v Clark Patterson Assoc., P.C., 41 AD3d 805, 806 [2d Dept 2007]; see also Maas v Cornell Univ., 94 NY2d 87, 91-92 [1999], quoting Gertler v Goodgold, 107 AD2d 481, 485 [1st Dept 1985], affd 66 NY2d 946 [1985].) “In assessing a motion under CPLR 3211 (a) (7) ... a court may freely consider affidavits submitted by the plaintiff to rem *496 edy any defects in the complaint” and “the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one.” (Leon v Martinez at 88; see also Uzzle v Nunzie Ct. Homeowners Assn., Inc., 55 AD3d 723, 724 [2d Dept 2008].)
The complaint in this action for a declaratory judgment alleges that “there has been a change in the control, management and operation of the defendant. . . sufficient to trigger in favor of the plaintiff. . . the Statutory Right of First Referral” under Real Property Law § 233-a to purchase the property. (Complaint H 3 [emphasis added].) Further, plaintiff alleges that pursuant to said statute defendant was legally obligated to notify plaintiff “of this offer.” (Complaint If 4 [emphasis added].)
The complaint further alleges that STP acquired title to the property in 2007 and that STP’s members were Larry Rush and Lawrence Feldman (who passed away in 2009). Plaintiff claims Jerome Genova and Leonard Genova became the “managing agent” or “manager” of STP in or about May 2010, and signed mortgage documents on behalf of STP in 2010 and 2011.
Plaintiff alleges that Jerome Genova and Leonard Genova “have been in majority control, management and operation” of STP since those events in 2010 and 2011 and it is such facts that triggered the statutory rights to notice and first refusal under Real Property Law § 233-a. The affidavit of Barbara Pedote and the documentary evidence offered both as attached to the complaint and in opposition to the motion to dismiss has been considered in further support of the allegations in the complaint.
In 2008, the legislature passed Real Property Law § 233-a, which became effective on January 2, 2009, which gives homeowners’ associations of trailer parks (such as STP’s property in Syosset) certain rights concerning the “sale” of such trailer parks. Pursuant to section 233-a (2), if an owner of such a property receives “a bona fide offer to purchase” that the owner intends to accept, the owner must require the purchaser to certify whether or not the purchaser will within 60 months of the purchase give the statutorily required notice {see § 233) of its intention to use the property for another purpose.
Pursuant to section 233-a (3), if the owner of such property “receives a bona fide offer to purchase” the property that the owner intends to accept and the purchaser has certified that it intends to change the use of the property, the owner shall notify *497 the homeowners’ association at the time of the offer or, if none exists, all homeowners. The notice shall state the price, terms and conditions of the sale and the homeowners’ association “shall have the right to purchase” the property upon the identical price, terms and conditions. HOPE has not alleged that it existed “at the time of the offer” nor does HOPE state when such “offer” was made. (Complaint 1iU 3, 4, 7-13.) It appears from the documentary evidence attached to the complaint that HOPE allegedly exercised its right of first refusal on or about March 30, 2012.
Defendant argues that as a matter of law it never “receive[d] a bona fide offer to purchase” the property and, therefore, the provisions of section 233-a were never triggered by this statutory prerequisite. Defendant contends that ownership never changed, there was never an offer to purchase, and that any change in the ownership structure of STI] its management or operation is insufficient to trigger the statute as a matter of law.
Given the fact that Real Property Law §§ 233 and 233-a only became effective in 2009, the parties have not cited any reported decisions interpreting the above cited provisions nor is the court aware of same. However, as defendant points out, courts have held that a change in ownership or control of a landlord entity is not the equivalent of a change in ownership in the underlying property sufficient to trigger a tenant’s right of first refusal. (See e.g. 2 NY Landlord and Tenant, Including Summary Proceedings § 20:14 [2d ed 1971], citing Torrey Delivery v Chautauqua Truck Sales & Serv., 47 AD2d 279, 282 [4th Dept 1975] [the court therein did not assume the correctness of any legal conclusion drawn by the pleader]; see also Board of Mgrs. of York Riv. House Condominium v Kinney York Ave., Inc., 35 AD3d 160, 161 [1st Dept 2006].)
Plaintiff’s arguments that a transfer of LLC membership interests is not the same as a stock transfer or is a taxable event (NYS transfer tax) are both without merit. A membership interest in an LLC is personal property (Limited Liability Company Law § 601) and a transfer of such interest does not transfer any interest in the real property owned by the LLC. (Sealy v Clifton, LLC, 68 AD3d 846, 847 [2d Dept 2009] [disputes over LLC membership interests do not affect title, possession, use or enjoyment of real property].)
Therefore, the court finds that based on the allegations set forth in the complaint and the affidavit and evidence submitted *498 in opposition to the motion to dismiss, and construing the complaint liberally, the statutorily required predicate of a received “bona fide offer to purchase” STP’s property has not been adequately alleged and the cause of action based on HOPE’S rights of notice and first refusal under Real Property Law § 233-a cannot stand as a matter of law. Even accepting the allegations as true, plaintiff HOPE cannot establish that a “bona fide offer to purchase” was made. HOPE simply contends that the change in ownership structure is the equivalent of an offer to purchase. The court is not bound by this bare legal conclusion nor is it supported by the statute or case law. Thus, HOPE has not adequately pleaded a cause of action under Real Property Law § 233-a.
Accordingly (1) the motion to dismiss the complaint is granted pursuant to CPLR 3211 (a) (7). (2) All other requests for relief in the defendant’s motion and plaintiff’s cross motion are denied.