OPINION OF THE COURT
Arthur M. Diamond, J.
Defendants’ motion for an order dismissing the complaint pursuant to CPLR 3211 (a) (2), and (7) for lack of subject matter jurisdiction, and for failure to state a cause of action is granted.
This lawsuit stems from an ongoing labor dispute between the plaintiff, Cablevision Systems and the Communications Workers of America District 1 (CWA). The complaint alleges a first cause of action for harassment in the second degree under Penal Law § 240.26, the second cause of action for trespass, third cause of action for stalking in the fourth degree under *765 Penal Law § 120.45, fourth cause of action for disorderly conduct under Penal Law § 240.20, and a fifth cause of action for tortious interference with Cablevision’s contractual business relations. Plaintiff also seeks an injunction against the defendants “[i]mposing any other reasonable restrictions on the future activities and conduct of the CWA with respect to attendance at Cablevision meetings or events featuring appearances by Cablevision resentatives.” (Notice of motion, exhibit A, verified complaint at 16.)
The pertinent facts alleged in support of the causes of actions alleged in the complaint are as follows:
“In the last two weeks, the CWA has ratcheted up its tactics by unlawfully interfering with two important Cablevision-related events: (1) on May 23, 2013, several CWA representatives and supporters — among then Defendants Dubnau, Mahoney and Stern — intentionally disrupted Cablevision’s annual shareholder meeting at its offices in Bethpage and refused to leave when asked, requiring the intervention of the police; and (2) on May 30, 2013, Defendants Dubnau, Mahoney and Stern methodically disrupted a presentation by Cablevision’s Vice Chairman and Chief Financial Officer Gregg Seibert at the Nomura Global Media & Telecom Summit, an investors’ conference, taking place at the Four Seasons hotel in New York.” (Notice of motion, exhibit A, verified complaint at 2, para 3.)
There were additional factual allegations in the complaint as to the annual shareholder meeting of May 23, 2013, which state in pertinent part that the “[defendants Dubnau and Mahoney and the other CWA representatives interrupted the proceedings with the sole purpose of harassing the company and disrupting the transaction of company business.” (Notice of motion, exhibit A, verified complaint at 6, para 21.) The statements made by defendants were described in conclusory terms as “provocative and unfounded allegations” which repeatedly “badger[ed]” Mr. Dolan. (Notice of motion, exhibit A, verified complaint at 6, para 22.) “Defendant Mahoney joined in the disruptive behavior with further hectoring comments.” When told to leave, Mr. Dubnau stated, “Well you’ll have to call the police because I’m not leaving. Arrest me.” (Notice of motion, exhibit A, verified complaint at 6-7, para 25.) Mr. Dubnau stated in a raised voice, “We will never go away! Do you understand that? Never!” and, “We are never going away Mr. Dolan — not ever!” (Notice of motion, exhibit A, verified complaint at 7, para 27.)
*766 In regards to the event held at the Four Seasons on May 30, 2013, plaintiff alleges in the complaint that this was a private investors conference by invitation only where the participants were issued badges upon registration and required to present those badges seeking admittance. The defendants were not issued badges but still managed to gain admittance. The complaint alleges that Mr. Stern interrupted the presentation by standing and making “provocative statements.” (Notice of motion, exhibit A, verified complaint at 8, paras 31-34.) Mr. Stern continued to “harass” those present and ignored the moderator’s request to leave by stating, “It’s not time for me to leave . . . I’m not going to leave. Call the police. I invite you to call the police.” (Notice of motion, exhibit A, verified complaint at 9, para 35.) Mr. Dubnau allegedly stated that “[t]his will never end. Do you understand that? Never.” “[W]e will never end. Call the police. Are you a cop? Get a cop. Get a cop. Get a cop. Get my brother and sister from the NYPD, who are in the union, to tell me to leave.” (Notice of motion, exhibit A, verified complaint at 9, paras 38, 39.) Ms. Mahoney allegedly stated, “Everywhere you go, we’re going to be there. . . . This is so embarrassing isn’t it, it’s so Peking embarrassing that this is going to happen everywhere you go.” (Notice of motion, exhibit A, verified complaint at 9, para 40.)
In deciding a motion to dismiss directed as to the sufficiency of the pleadings (CPLR 3211 [a] [7]), a court must accept their allegations as true, according to them the benefit of every favorable inference to determine whether they come within the ambit of any cognizable legal theory (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144 [2002]; Smith v Meridian Tech., Inc., 52 AD3d 685 [2d Dept 2008]; Parsippany Constr. Co., Inc. v Clark Patterson Assoc., P.C., 41 AD3d 805, 806 [2d Dept 2007]). When evidentiary material is considered, “the court must determine whether the proponent of the pleading has a cause of action, not whether the proponent has stated one” (Peter F. Gaito Architecture, LLC v Simone Dev. Corp., 46 AD3d 530, 530 [2d Dept 2007]; Guggenheimer v Ginzburg, 43 NY2d 268 [1977]). Bare legal conclusions and factual claims which are flatly contradicted by the evidence are not presumed to be true on such a motion (Riback v Margulis, 43 AD3d 1023 [2d Dept 2007]; Palazzolo v Herrick, Feinstein, LLP, 298 AD2d 372 [2d Dept 2002]).
The claims alleged against the defendants in the second cause of action for common-law trespass, and the fifth cause of action *767 for tortious interference with a business are insufficient as a matter of law because plaintiff failed to plead that each individual union member authorized or ratified the alleged unlawful action complained of. (Martin v Curran, 303 NY 276 [1951]; Duane Reade, Inc. v Local 338 Retail, Wholesale, Dept. Store Union, UFCW, AFL-CIO, 17 AD3d 277 [2005]; Zanghi v Laborers’ Intl. Union of N. Am., AFL-CIO, 8 AD3d 1033 [2004].) In addition, “[t]he individual defendants cannot be held liable for acts committed in their capacity as union representatives, even if those acts were not authorized by the union membership.” (Duane Reade, Inc. at 278.) Contrary to plaintiffs assertions, the pleading requirement espoused in Martin v Curran is applicable to not only claims for damages, but also claims for equitable relief such as an injunction. (Mounteer v Bayly, 86 AD2d 942, 943 [3d Dept 1982].) The cases cited by plaintiff to the contrary are lower court cases of coordinate jurisdiction. This court is obligated to apply the Appellate Division decision of Mounteer v Bayly absent a contrary decision of the Court of Appeals or a split among the Appellate Divisions (see People v Turner, 5 NY3d 476, 482 [2005]; Tzolis v Wolff, 39 AD3d 138, 142 [1st Dept 2007]; Mountain View Coach Lines v Storms, 102 AD2d 663, 664-665 [2d Dept 1984]).
Plaintiff does raise a novel argument that the plaintiff corporation has a private right of action against the defendant CWA union, and defendant representatives under Penal Law § 240.26, for harassment in the second degree, Penal Law § 120.45, which is stalking in the fourth degree, and Penal Law § 240.20, which is disorderly conduct. Defendants contend that the plaintiff cannot bring statutory claims of Penal Law violations because plaintiff is not an actual person. Plaintiff responds with the Penal Law definition of a “person” which states that a “ £[p]erson’ means a human being, and where appropriate, a public or private corporation, an unincorporated association, a partnership, a government or a governmental instrumentality.” (Penal Law § 10.00 [7].)
 Whether or not plaintiff has a private right to recover damages under a particular Penal Law statute depends on proving the existence of the following three factors: (1) plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose, and (3) whether creation of such a right would be consistent with the legislative scheme. (Sheehy v Big Flats Community Day, 73 NY2d 629 [1989].) The *768 court finds that plaintiff corporation is not a “person” for purposes of these Penal Law statutes alleged in the complaint, and is not one of the class for whose particular benefit these Penal Law statutes were enacted. The Penal Law § 10.00 (7) definition of “person” as a corporation is qualified as “where appropriate.” A plain reading of Penal Law § 240.26, the harassment in the second degree, indicates that it was meant to protect a human being. The statute provides that a person is guilty of harassment when “[h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same; or . . . follows a person in or about a public place or places; or . . . seriously annoy[s] such other person . . . which serve[s] no legitimate purpose.” (Penal Law § 240.26 [1], [2], [3].) Clearly the “person” who is the victim referenced in the statute is an actual human being since a corporation cannot be a victim of such conduct. Likewise, section 120.45 of the Penal Law states, in pertinent part, that a person is guilty of stalking in the fourth degree when for no legitimate purpose, he or she “engages in a course of conduct directed at a specific person, . . . [which] is likely to cause reasonable fear of material harm to the physical health, safety or property of such person . . . or . . . causes material harm to the mental or emotional health of such person.” (Penal Law § 120.45 [1], [2].) Again, the potential victim is a person that can experience fear of physical, mental or emotional harm, which a corporation is incapable of experiencing. Therefore, it is not appropriate to define a “person” as a corporation within the context of those statutes.
Finally, a person is guilty of disorderly conduct under section 240.20 of the Penal Law when, with intent to cause public annoyance, or alarm, “[i]n a public place, he uses abusive or obscene language, or makes an obscene gesture,” or “[w]ithout lawful authority, he disturbs any lawful assembly or meeting of persons.” (Penal Law § 240.20 [3], [4].) In this statutory scheme, the public is the class for whose particular benefit the statute was enacted, and not a private entity. “The disorderly conduct statute was designed to proscribe only that type of conduct which has a real tendency to provoke public disorder.” (William C. Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Penal Law § 240.20 at 27 [internal quotation marks omitted].) The alleged conduct described by statute must cause public inconvenience, annoyance, or alarm.
In the instant case, the alleged conduct complained of by plaintiff did not occur in a public place. According to the *769 complaint, these two meetings were closed to the public and were private meetings for investors. Furthermore, the complaint is replete with conclusory statements as to what the defendants had shouted to Mr. Dolan or Gregg Seibert at their respective meetings. Descriptive terms such as “provocative,” “harass,” “badger,” and “hectoring” are not factual statements as to what was actually said by the defendants that would cause public inconvenience, annoyance, or alarm. Such conclusory statements render the pleadings facially deficient. (Riback v Margulis; People v Martinez, 29 Misc 3d 263 [Crim Ct, Bronx County 2010].)
Accordingly, the plaintiffs complaint is dismissed in its entirety.