■ Kopelowitz & Co., Inc., Appellant, v Maurice Mann et al., Defendants, and Northbrook Partners, LLC, et al., Respondents. [921 NYS2d 108]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated April 17, 2009, as granted those branches of the motion of the defendants Northbrook Partners, LLC, and Northbrook Management, LLC, pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss the first, second, fifth, sixth, seventh, eighth, and tenth causes of action insofar as asserted against those defendants.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendants Northbrook Partners, LLC, and Northbrook Management, LLC, which were pursuant to CPLR 3211 (a) (7) to dismiss the fifth and sixth causes of action insofar as asserted against them, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, a real estate sales, investment, and financing company, alleged that around "mid 2007," the Racolin/Martinson family (hereinafter the Racolins) decided to sell AVJ Realty Corp. (hereinafter AVJ), a real estate holding company that, along with its subsidiaries, held title to certain residential properties in New York. The Racolins sought to accomplish this by an "off-market offering." In or around May 2007, the plaintiff was approached by an intermediary on behalf of the Racolins regarding the possibility of the plaintiff purchasing AVJ. Shortly thereafter, the plaintiff approached Maurice Mann, the owner of Mann Realty Associates (hereinafter Mann Realty), about potentially becoming a partner to acquire AVJ or, alternatively, to earn a finder's fee for introducing a potential purchaser to the Racolins. Prior to disclosing the AVJ offering to Mann, the plaintiff entered into a nondisclosure letter agreement with Mann and Mann Realty (hereinafter together the Mann defendants). The letter agreement provided, inter alia, that the Mann defendants would maintain strict confidentiality with the plaintiff, that no communications would take place with any other parties regarding properties held by AVJ or sales of such properties, and that in the event of any transaction involving the Mann defendants, the plaintiff would be entitled to "appropriate compensation."

Upon receipt of and in reliance on the letter agreement, the plaintiff disclosed to Mann the AVJ offering and conveyed to him a package of documents pertaining to the offering. The plaintiff asserted that, as a result of the letter agreement, it refrained from pursuing the acquisition with other willing partners. Shortly thereafter, Mann informed the plaintiff that he had placed an offer with AVJ in excess of $300 million and assured the plaintiff that he would protect its interests and that the plaintiff would "profit handsomely" from an acquisition of AVJ. Subsequently, Mann informed the plaintiff that he was contracting to purchase AVJ. In January 2008 AVJ allegedly was acquired by a group of entities including the Mann defendants, for a final purchase price in excess of $349 million.

The plaintiff alleged that it repeatedly demanded a meeting with Mann to discuss compensation, but Mann continuously delayed and stalled any meeting. Eventually, on January 21, 2008, Mann met with the plaintiff, at which time the plaintiff demanded reasonable compensation pursuant to their letter agreement. The parties could not agree on a compensation sum. The plaintiff alleged that, shortly thereafter, it learned that the Mann defendants and Northbrook Partners, LLC, a real estate investment, development, and management company, together

had acquired AVJ and that Northbrook Partners, LLC, had been founded by Mann and that he was authorized to bind Northbrook Partners, LLC.

The plaintiff commenced this action on July 21, 2008, asserting 11 causes of action against the Mann defendants, as well as Northbrook Partners, LLC, and Northbrook Management, LLC (hereinafter together the Northbrook defendants), seeking reasonable compensation for the services leading up to the acquisition, as well as compensation pursuant to the letter agreement, and damages as a result of the defendants' breach of the letter agreement. The plaintiff further alleged that Mann was a founder and managing partner of the Northbrook defendants, and that the Northbrook defendants were involved in the acquisition and were specifically formed to assist in depriving the plaintiff of compensation under the letter agreement. The Northbrook defendants moved to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (1) based upon documentary evidence, and CPLR 3211 (a) (7) for failure to state a cause of action. In support of their motion, the Northbrook defendants submitted, among other things, the letter agreement. In the order appealed from, the Supreme Court granted the Northbrook defendants' motion to dismiss the complaint insofar as asserted against them in its entirety. The plaintiff appeals from so much of the order as granted those branches of the Northbrook defendants' motion which were to dismiss the first, second, fifth, sixth, seventh, eighth, and tenth causes of action insofar as asserted against them.

A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996 [2010]; *Fontanetta v John Doe 1*, 73 AD3d 78, 83 [2010]). "In order for evidence to qualify as 'documentary', it must be unambiguous, authentic, and undeniable" (*Granada Condominium III Assn. v Palomino*, 78 AD3d at 996-997, quoting *Fontanetta v John Doe 1*, 73 AD3d at 84-86).

On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law[,] a motion for dismissal will fail" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977];

*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Hense v Baxter*, 79 AD3d 814, 815 [2010]; *Sokol v Leader*, 74 AD3d 1180, 1180-1181 [2010]). "The complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference" (*Hense v Baxter*, 79 AD3d at 815; *see Leon v Martinez*, 84 NY2d at 87; *Sokol v Leader*, 74 AD3d at 1181; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]). "A court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (*Well v Yeshiva Rambam*, 300 AD2d 580, 580 [2002]; *see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]), and upon considering such an affidavit, the facts alleged therein must also be assumed to be true (*see Pike v New York Life Ins. Co.*, 72 AD3d 1043, 1049 [2010]). Where a party offers evidentiary proof on a motion pursuant to CPLR 3211 (a) (7), the focus of the inquiry turns from whether the complaint states a cause of action to whether the plaintiff actually has one (*see Guggenheimer v Ginzburg*, 43 NY2d at 275).

Contrary to the plaintiff's contention, the Supreme Court properly granted those branches of the Northbrook defendants' motion which were to dismiss the first and second causes of action insofar as asserted against them. The first and second causes of action sounded in breach of contract, and the plaintiff sought to recover damages from the Northbrook defendants on the ground that they breached the letter agreement by wrongfully disclosing certain confidential information to third parties, and by failing to reasonably compensate it for introducing them to the party that led them to the acquisition. However, even assuming that the letter agreement is valid and enforceable, the Northbrook defendants conclusively demonstrated by documentary evidence (the letter agreement itself) that they were not parties to the letter agreement. Since the Northbrook defendants established that they were not parties to the letter agreement, they cannot be bound by it (*see Pacific Carlton Dev. Corp. v 752 Pac., LLC*, 62 AD3d 677, 678 [2009]; *HDR, Inc. v International Aircraft Parts*, 257 AD2d 603, 604 [1999]; *National Survival Game of N.Y. v NSG of LI Corp.*, 169 AD2d 760, 761 [1991]). Although the complaint alleges that Mann is a member of, and authorized to bind, Northbrook Partners, LLC, there is nothing in the letter agreement to suggest that, in signing it, Mann was also binding Northbrook Partners, LLC, to the terms of the letter agreement. Thus, the Supreme Court properly granted those branches of the Northbrook defendants' motion which were to dismiss these causes of action pursuant to CPLR 3211 (a) (1).

In addition, the Supreme Court properly granted those

branches of the Northbrook defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the seventh and eighth causes of action, which sought damages for breach of fiduciary duty and to impose a constructive trust, respectively, insofar as asserted against them. A necessary element of both of these causes of action is a fiduciary relationship between the plaintiff and the defendant (*see Rut v Young Adult Inst., Inc.*, 74 AD3d 776 [2010]; *Williams v Eason*, 49 AD3d 866, 868 [2008]). Here, although the complaint includes a conclusory statement that the "defendants entered into a fiduciary relationship with [the] plaintiff," it does not allege any facts that would give rise to such a fiduciary relationship between the plaintiff and the Northbrook defendants. On a motion to dismiss a complaint pursuant CPLR 3211 (a) (7), "bare legal conclusions are not presumed to be true" (*Kupersmith v Winged Foot Golf Club, Inc.*, 38 AD3d 847, 848 [2007]). Thus, the complaint did not state causes of action to recover damages for breach of fiduciary duty or to impose a constructive trust.

The Supreme Court also properly granted that branch of the Northbrook defendants' motion which was to dismiss the tenth cause of action, which sought damages based on the doctrine of equitable estoppel, insofar as asserted against them, since equitable estoppel is not a basis to recover damages. In any event, there are no allegations in the complaint to the effect that the plaintiff relied on any conduct on the part of the Northbrook defendants in changing its position to its detriment (*see Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68, 81-82 [1980]).

However, the Supreme Court erred in granting those branches of the Northbrook defendant's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the fifth and sixth causes of action, which sounded in unjust enrichment and quantum meruit, respectively. The Supreme Court reasoned that "with the absence of any evidence of a business relationship between plaintiff and [the Northbrook defendants], it cannot be shown how [the Northbrook defendants were] enriched at plaintiff's expense." (23 Misc 3d 1112[A], 2009 NY Slip Op 50712[U], *8 [2009].) However, the existence of a business relationship is not an element necessary to prove unjust enrichment or quantum meruit (*see Cruz v McAneney*, 31 AD3d 54, 59 [2006]; *Wehrum v Illmensee*, 74 AD3d 796, 797 [2010]). Thus, the plaintiff's failure to plead such a relationship was not fatal to its complaint. The facts alleged by the plaintiff sufficiently pleaded the elements of those two causes of action (*see generally Corsello v Verizon N.Y., Inc.*, 77 AD3d 344 [2010]).

The Supreme Court further reasoned that, pursuant to Real Property Law § 442-d, the plaintiff could not sustain causes of action to recover damages for unjust enrichment and in quantum meruit because it was not a licensed real estate broker at the time any services were rendered. Real Property Law § 442-d bars an entity from maintaining an action for the recovery of compensation for services rendered in facilitating the sale of real estate, if it was not "a duly licensed real estate broker or real estate salesman" on the date the cause of action arose (Real Property Law § 442-d; *see Kavian v Vernah Homes Co.*, 19 AD3d 649, 650 [2005]). However, in an affidavit submitted in response to the Northbrook defendants' motion, the plaintiff's principal alleged that he was not acting as a broker, but rather as a potential principal in the acquisition or, alternatively, as a "finder" intent on introducing AVJ to a potential buyer and collecting a "finder's fee," and thus, was not subject to Real Property Law § 442-d. Accepting this contention as true, as the court must, the Supreme Court should not have granted those branches of the Northbrook defendants' motion which were to dismiss the fifth and sixth causes of action insofar as asserted against them on the ground that the plaintiff was barred from seeking recovery pursuant to Real Property Law § 442-d.

Accordingly, we modify the order by denying those branches of the Northbrook defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the fifth and sixth causes of action insofar as asserted against them. Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur. **[Prior Case History: 23 Misc 3d 1112(A), 2009 NY Slip Op 50712(U).]**