■ JERRY GERSHNER, Doing Business as GERSHNER REALTY SERVICES, Appellant, v SAMMY ELJAMAL et al., Respondents. [974 NYS2d 576]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Giacomo, J.), entered April 2, 2012, and (2) an amended order of the same court entered April 17, 2012, which, inter alia, denied that branch of his motion which was for summary judgment on the issue of liability on the sixth cause of action insofar as asserted against the defendants Sammy Eljamal and NY Dealer Stations, LLC, granted the cross motion of the defendants Sammy Eljamal and Best Rent Properties 202, LLC, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the sixth cause of action insofar as asserted against the defendant Sammy Eljamal, and granted the separate cross motion of the defendant NY Dealer Stations, LLC, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the sixth cause of action insofar as asserted against it.

Ordered that the appeal from the order entered April 2, 2012, is dismissed, as that order was superseded by the amended order entered April 17, 2012; and it is further,

Ordered that the amended order entered April 17, 2012, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant Sammy Eljamal.

The plaintiff, a real estate broker, commenced this action, inter alia, to recover damages for breach of a broker's agreement (hereinafter the brokerage agreement) he entered into with the defendants Sammy Eljamal and Best Rent Properties 202, LLC (hereinafter Best Rent). The plaintiff alleged that he was owed a commission under the brokerage agreement when certain real property was sold by a nonparty to the defendant New York Dealer Stations, LLC (hereinafter New York Dealer).

The plaintiff moved inter alia, for summary judgment on the issue of liability on the sixth cause of action insofar as asserted against Eljamal and New York Dealer. Eljamal and Best Rent jointly cross-moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the sixth cause of action insofar as asserted against Eljamal. New York Dealer separately cross-moved, among other things, pursuant to CPLR 3211 (a) (7) to dismiss the sixth cause of action insofar as asserted against it. The Supreme Court granted the cross motion of Eljamal and Best Rent, and the separate cross motion of New York Dealer. The Supreme Court denied the plaintiff's motion as academic.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d 849, 851 [2012]). Nevertheless, "bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true" (*Parola, Gross & Marino, P.C. v Susskind*, 43 AD3d 1020, 1021-1022 [2007]; *see Daub v Future Tech Enter., Inc.*, 65 AD3d 1004, 1005 [2009]). Moreover, where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see *Guggenheimer v Ginzburg*, 43 NY2d 268, 274 [1977]; *Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d at 851-852).

Here, the sixth cause of action alleged that Eljamal entered into an agreement dated July 2, 2008, "on behalf of" New York Dealer, and that the plaintiff was due a commission pursuant to this agreement when the subject property was sold to New York Dealer. However, the cross movants conclusively demonstrated,

through evidence which included the July 2, 2008, letter agreement and a contract of sale dated September 18, 2009, between the nonparty Elmsford Texaco, Inc., and Best Rent, that these allegations in the sixth cause of action were "not . . . fact[s] at all" (*Guggenheimer v Ginzburg*, 43 NY2d at 275; *see Grant v Aurora Loan Servs.*, 88 AD3d 949, 950 [2011]; *Kopelowitz & Co., Inc. v Mann*, 83 AD3d 793, 798 [2011]; *see also Stathakos v Metropolitan Tr. Auth. Long Is. R.R.*, 109 AD3d 979, 980 [2013]; *Baron v Galasso*, 83 AD3d 626, 628 [2011]). Accordingly, the Supreme Court properly granted those branches of the cross motion of Eljamal and Best Rent, and New York Dealer's separate cross motion, which were pursuant to CPLR 3211 (a) (7) to dismiss the sixth cause of action insofar as asserted against Eljamal and New York Dealer, respectively.

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.