■ Jeff Zellner, Respondent, v Odyl, LLC, Appellant. [986 NYS2d 592]—

In an action, inter alia, to recover damages for breach of contract and violations of Labor Law §§ 191 and 215, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated January 13, 2013, as denied its motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In determining a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law [, the] motion for dismissal will fail" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]; *see Wilner v Allstate Ins. Co.,* 71 AD3d 155, 159 [2010]). The complaint must be liberally construed in the light most favorable to the plaintiff and all allegations must be accepted as true (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). "Whether the complaint

will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]; *see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *Alan B. Greenfield, M.D., P.C. v Long Beach Imaging Holdings, LLC*, 114 AD3d 888 [2014]). A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted by the defendant utterly refutes the factual allegations of the complaint, conclusively establishing a defense to the asserted claims as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d at 88).

Applying these principles, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. The factual allegations set forth in the complaint state cognizable causes of action to recover damages for breach of contact, as well as violations of, inter alia, Labor Law §§ 191 and 215. Furthermore, the email messages submitted by the defendant did not constitute "documentary evidence" for the purposes of CPLR 3211 (a) (1) (*see Rodolico v Rubin & Licatesi, P.C.*, 114 AD3d 923 [2014]; *United States Fire Ins. Co. v North Shore Risk Mgt.*, 114 AD3d 408 [2014]; *Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d 713, 714 [2012]; *Fontanetta v John Doe 1*, 73 AD3d 78, 83-84 [2010]). Even if it had constituted documentary evidence, it failed to utterly refute the plaintiff's allegations or conclusively establish a defense as a matter of law (*see* CPLR 3211 [a] [1]; *Louzoun v Kroll Moss & Kroll, LLP*, 113 AD3d 600 [2014]; *Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 997 [2010]). Rivera, J.P., Lott, Miller and Duffy, JJ., concur.