JESSE R. GOODALE III et al., Respondents, v CENTRAL SUFFOLK HOSPITAL et al., Appellant. [5 NYS3d 465]—

In an action, inter alia, to rescind a pledge agreement and to recover damages for breach of contract and fraudulent induce-

ment, the defendants appeal from an order of the Supreme Court, Suffolk County (Molia, J.), entered April 18, 2014, which denied their motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, with leave to renew upon the completion of disclosure.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss so much of the complaint as sought to recover punitive damages, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

In this dispute over the alleged terms of a pledge agreement, the plaintiffs commenced this action to rescind the agreement and to recover damages for breach of contract and fraudulent inducement. The defendants moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. The Supreme Court denied the motion, with leave to renew upon the completion of disclosure.

Dismissal pursuant to CPLR 3211 (a) (1) may appropriately be granted only where the documentary evidence proffered in support of the motion utterly refutes the plaintiffs' factual allegations, thus conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Fontanetta v John Doe 1, 73 AD3d 78, 83 [2010]). Here, given the parties' conflicting submissions regarding whether the pledge form upon which the defendants rely constitutes their complete and comprehensive agreement, and whether the plaintiffs may have been fraudulently induced to enter into that agreement, the defendants failed to establish their entitlement to dismissal pursuant to CPLR 3211 (a) (1).

When dismissal is sought pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the facts alleged in the complaint are accepted as true and are afforded the benefit of every favorable inference, and the court must determine whether they fit within any legally cognizable theory, making use of the affidavits submitted by the plaintiffs to remedy any defects in the complaint (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Cervini v Zanoni, 95 AD3d 919, 921 [2012]). Upon our review of the complaint and the plaintiffs' submissions in support thereof, we conclude that the defendants failed to sustain their burden for dismissal of the entire complaint under CPLR 3211 (a) (7), and that further discovery is warranted.

However, that branch of the defendants' motion which sought to dismiss so much of the complaint as sought to recover punitive damages in connection with the fraudulent inducement

cause of action should have been granted. Punitive damages are intended to punish and deter behavior involving a high degree of moral turpitude which constitutes exceptional misconduct aimed at the public generally (*see generally Marinaccio v Town of Clarence*, 20 NY3d 506, 512 [2013]; *Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 479 [2007]; *Borkowski v Borkowski*, 39 NY2d 982, 983 [1976]; *Walker v Sheldon*, 10 NY2d 401, 404-405 [1961]). Here, the plaintiffs' allegations do not allege conduct that rises to such a level as to support a claim for punitive damages (*see Dawson v YMCA of Long Is., Inc.*, 120 AD3d 748, 749 [2014]; *Guido v Orange Regional Med. Ctr.*, 102 AD3d 828, 832 [2013]). Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.