■ ROBERT K. FUTTERMAN & ASSOCIATES, LLC, Appellant, v BOERUM COMMERCIAL, LLC, et al., Defendants, and NEW YORK COMMUNITY BANK, Respondent. [21 NYS3d 295]—

In an action to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated January 16, 2014, which granted the motion of the defendant New York Community Bank pursuant to Lien Law §§ 10 (1) and 19 (6) to discharge the notice of lien and, pursuant to CPLR 3211 (a) (1) and (7), to dismiss the seventh cause of action insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant New York Community Bank to discharge the notice of lien and to dismiss the seventh cause of action insofar as asserted against it is denied.

In December 2010, the plaintiff, a real estate broker, entered into a commission agreement with the former owners of the subject real property, and in May 2012, they entered into a modified commission agreement. The plaintiff subsequently filed a mechanic's lien (*see* Lien Law §§ 2 [4]; 10), and commenced the instant action to foreclose the lien, alleging that it had not been paid the commission allegedly due. The defendant New York Community Bank (hereinafter the bank) moved to discharge the notice of lien and, pursuant to CPLR 3211 (a) (1) and (7), to dismiss the seventh cause of action insofar as asserted against it. The Supreme Court granted the motion. We reverse.

"A court has no inherent power to vacate or discharge a notice of lien except as authorized by Lien Law § 19 (6)" (*Matter of Northside Tower Realty, LLC v Klin Constr. Group, Inc.*, 73 AD3d 1072, 1072 [2010]; *see Matter of Luckyland [N.Y.], LLC v Core Cont. Constr., LLC*, 83 AD3d 1073, 1074 [2011]). Lien Law § 19 (6) provides that a mechanic's lien may be discharged "where it appears from the public records that such notice has not been filed in accordance with the provisions of section ten of this article" (Lien Law § 19 [6]). As relevant to this case, Lien Law § 10 (1) requires that a notice of lien filed by a real estate broker have "a copy of the alleged written agreement of employment or compensation" annexed to it.

Here, in support of its motion, the defendant submitted evidence that no agreement had been annexed to the notice of lien. In opposition, the plaintiff submitted evidence that the December 2010 commission agreement had been annexed to the notice of lien. Since it is disputed whether a copy of the plaintiff's "employment or compensation" agreement was attached to the notice of lien, the bank's motion to dismiss the seventh cause of action of the complaint and to discharge the mechanic's lien should have been denied (*see Lane Constr. Co., Inc. v Chayat*, 117 AD3d 992 [2014]; *72 Pyrgi v Gkam Corp.*, 293 AD2d 387 [2002]). Contrary to the contention of the bank, the notice of lien at issue here would not be facially defective even if only the December 2010 commission agreement, rather than the May 2012 commission agreement, were annexed to the lien. The purpose of annexing the agreement is to show that the real estate broker has a valid contract with the property owner, not to indicate the amount of commission owed (*see generally Matter of Robert Plan Corp. v Greiner-Maltz Co.*, 229 AD2d 122 [1997]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.