WLADYSLAW GAWRYCH, Respondent, v ASTORIA FEDERAL SAVINGS AND LOAN, Appellant. [48 NYS3d 450]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Queens County (D. Hart, J.), entered April 20, 2015, which denied its motion pursuant to CPLR 3211 (a) to dismiss the complaint and for an award of attorneys' fees and costs pursuant to 22 NYCRR 130-1.1, and, sua sponte, inter alia, deemed the motion to be the defendant's answer pursuant to CPLR 103.

Ordered that the appeal from so much of the order as, sua sponte, inter alia, deemed the motion to be the defendant's answer pursuant to CPLR 103 is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701 [a] [2]), and leave to appeal from that portion of the order has not been granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the breach of contract cause of action to the extent that it is predicated on the alleged failure to pay insurance and property taxes on the subject premises, keep an accurate record of the plaintiff's escrow account, and provide proper tax documents, and to dismiss the causes of action alleging fraudulent misrepresentation, unjust enrichment, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, violation of General Business Law § 349, and conversion, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The plaintiff commenced this action against the defendant, the former holder of a mortgage on the plaintiff's real property, alleging that the defendant, in servicing the mortgage, improperly imposed legal fees for the preparation of certain documents and failed to pay insurance and property taxes on the property, keep an accurate record of the plaintiff's escrow account, and provide proper tax documents. The complaint asserted causes of action alleging breach of contract, fraudulent misrepresentation, unjust enrichment, breach of the implied covenant of good faith and fair dealing, breach of fiduciary

duty, violation of General Business Law § 349, and conversion. The defendant moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint and for an award of attorneys' fees and costs pursuant to 22 NYCRR 130-1.1. The Supreme Court denied the motion and, sua sponte, inter alia, deemed the motion to be the defendant's answer pursuant to CPLR 103. The defendant appeals.

A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Granada Condominium III Assn. v Palomino*, 78 AD3d 996 [2010]; *Fontanetta v John Doe 1*, 73 AD3d 78 [2010]). "In order for evidence to qualify as 'documentary,' it must be unambiguous, authentic, and undeniable" (*Granada Condominium III Assn. v Palomino*, 78 AD3d at 996-997, quoting *Fontanetta v John Doe 1*, 73 AD3d at 84-86). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are 'essentially undeniable,' would qualify as 'documentary evidence' in the proper case" (*Fontanetta v John Doe 1*, 73 AD3d at 84-85, quoting David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10 at 21-22 [2005 ed]; *see Eisner v Cusumano Constr., Inc.*, 132 AD3d 940, 941-942 [2015]). Conversely, letters, emails, and affidavits fail to meet the requirements for documentary evidence (*see 25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co.*, 127 AD3d 850, 851 [2015]; *Attias v Costiera*, 120 AD3d 1281 [2014]; *Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d 713 [2012]; *Fontanetta v John Doe 1*, 73 AD3d at 87).

On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law[,] a motion for dismissal will fail" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "The complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference" (*Kopelowitz & Co., Inc. v Mann*, 83 AD3d 793, 797 [2011] [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d at 87). "A court may freely consider affidavits submitted by the plaintiff to

remedy any defects in the complaint" (*Well v Yeshiva Rambam*, 300 AD2d 580, 580 [2002]; *see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]), and upon considering such an affidavit, the facts alleged therein must also be assumed to be true (*see Kopelowitz & Co., Inc. v Mann*, 83 AD3d at 797). Nevertheless, "bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true" (*Gershner v Eljamal*, 111 AD3d 664, 665 [2013] [internal quotation marks omitted]; *see International Fid. Ins. Co. v Quenzer Elec. Sys., Inc.*, 132 AD3d 811, 812 [2015]). Moreover, where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d at 275).

The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (*see Meyer v North Shore-Long Is. Jewish Health Sys., Inc.*, 137 AD3d 878 [2016]; *Kausal v Educational Prods. Info. Exch. Inst.*, 105 AD3d 909 [2013]).

Here, given the parties' conflicting submissions regarding the amount of legal fees to be charged for the preparation of certain documents, the defendant failed to establish its entitlement to dismissal pursuant to CPLR 3211 (a) (1) of so much of the breach of contract cause of action as is predicated on the alleged improper imposition of legal fees (*see Robert K. Futterman & Assoc., LLC v Boerum Commercial, LLC*, 134 AD3d 690 [2015]; *Goodale v Central Suffolk Hosp.*, 126 AD3d 671 [2015]; *see also Nwauwa v Mamos*, 53 AD3d 646 [2008]; *cf. Kopelowitz & Co., Inc. v Mann*, 83 AD3d at 797-798; *Turner v Irving Finkelstein & Meirowitz, LLP*, 61 AD3d 849 [2009]). Accordingly, the Supreme Court properly denied dismissal of that portion of the breach of contract cause of action.

The documentary evidence relied on by the defendant did not, without more, utterly refute the plaintiff's allegations that it failed to pay insurance and property taxes on the subject premises, keep an accurate record of the plaintiff's escrow account, and provide proper tax documents, and did not conclusively establish a defense as a matter of law (*see* CPLR 3211 [a] [1]; *Raach v SLSJET Mgt. Corp.*, 134 AD3d 792 [2015];

*Eisner v Cusumano Constr., Inc.*, 132 AD3d at 940; *Fuller v Collins*, 114 AD3d 827 [2014]; *Furman v Wells Fargo Home Mtge., Inc.*, 105 AD3d 807 [2013]; *Schwarz Supply Source v Redi Bag USA, LLC*, 64 AD3d 696 [2009]). Nevertheless, the Supreme Court should have granted dismissal pursuant to CPLR 3211 (a) (7) of so much of the breach of contract cause of action as is predicated on these alleged breaches of the defendant's contractual obligations, since the complaint only contains conclusory allegations of damages resulting from the alleged breaches (*see Fusco v Fusco*, 36 AD3d 589 [2007]; *Smith v Chase Manhattan Bank, USA*, 293 AD2d 598 [2002]; *Gelmin v Quicke*, 224 AD2d 481 [1996]).

The Supreme Court also should have granted dismissal of the remaining causes of action on the grounds that they were duplicative of the breach of contract cause of action, since those causes of action are based on the same facts and seek essentially identical damages (*see Mawere v Landau*, 130 AD3d 986 [2015]; *Rosenblum v Island Custom Stairs, Inc.*, 130 AD3d 803 [2015]; *Bettan v Geico Gen. Ins. Co.*, 296 AD2d 469 [2002]), the complaint fails to sufficiently allege the existence of a fiduciary relationship (*see* CPLR 3211 [a] [7]; *Baumann v Hanover Community Bank*, 100 AD3d 814 [2012]; *Nathan v J & I Enters.*, 212 AD2d 677 [1995]), and the factual allegations do not amount to conduct that has an impact on the public at large and, as such, do not state a cause of action for violation of General Business Law § 349 (*see* CPLR 3211 [a] [7]; *Pirrelli v OCWEN Loan Servicing, LLC*, 129 AD3d 689 [2015]; *JP Morgan Chase Bank, N.A. v Hall*, 122 AD3d 576 [2014]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was for an award of attorneys' fees and costs pursuant to 22 NYCRR 130-1.1 (*see Khadka v American Home Mtge. Servicing, Inc.*, 139 AD3d 808 [2016]).

The defendant raises contentions which relate to portions of the order that were issued sua sponte. No appeal lies as of right from an order that does not decide a motion made on notice (*see* CPLR 5701 [a] [2]; *Countrywide Funding Corp. v Reynolds*, 41 AD3d 524 [2007]), and we decline to grant leave to appeal (*see Brady v Sintyago*, 69 AD3d 784 [2010]).

We need not reach the defendant's remaining contention. Chambers, J.P., Hall, Miller and Connolly, JJ., concur.