Republic Realty Servs., Inc. v Kuafu Props. LLC (2018 NY Slip Op 08348)





Republic Realty Servs., Inc. v Kuafu Props. LLC


2018 NY Slip Op 08348


Decided on December 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 6, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Gische, Tom, JJ.


7532 652280/16

[*1]Republic Realty Services, Inc., Plaintiff-Respondent,
v
Kuafu Properties LLC, et al., Defendants-Appellants. 
[And A Third-Party Action]


Dai & Associates, P.C., New York (Amiad Kushner and Jacob Chen of counsel), for Kuafu Properties LLC and SCG Mima Towers, LLC, appellants.
Offit Kurman, P.A., New York (Richard G. Menaker of counsel), for respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered April 20, 2018, which granted plaintiff's motion for partial summary judgment as to liability and denied defendants Kuafu Properties LLC and SCG MiMa Towers LLC's (together Kuafu)cross motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs to deny plaintiff's motion, and to grant Kuafu's cross motion dismissing the complaint. The Clerk is directed to enter judgment accordingly. Defendant Myles J. Horn's appeal from the foregoing order, unanimously withdrawn, pursuant to the parties' stipulation dated October 5, 2018.
Plaintiff only dealt with Myles J. Horn, not Kuafu. Horn's dealings with Kuafu did not provide a basis for plaintiff to recover against Kuafu. Horn and Kuafu's term sheet established that the two were never joint venturers, refuting plaintiff's claim that Horn was a participant in Kuafu's subsequent acquisition of the property. Moreover, Horn's settlement with Kuafu of his claim that Kuafu stole his opportunity to make the purchase did not grant him an interest in the property so as to make him a successful or partially successful bidder (see Abraham Glanzer, Inc. v Bailey, 254 AD2d 91 [1st Dept 1998]).
Plaintiff's claims against Kuafu for express breach of plaintiff's contract with Horn must be dismissed, because there was no privity between plaintiff and Kuafu (see Kopelowitz & Co., Inc. v Mann, 83 AD3d 793, 797 [2d Dept 2011]). The claim of breach of a confidentiality agreement between Horn and the property sellers fails because, contrary to plaintiff's contention, there is no evidence that plaintiff was an intended third-party beneficiary of that agreement (see Artwear, Inc. v Hughes, 202 AD2d 76, 81-82 [1st Dept 1994]).
Plaintiff's implied contract claim, which alleges that Kuafu appropriated plaintiff's labor when it entered and then cut Horn (and therefore plaintiff) out of the deal must also be dismissed (see generally Joseph P. Day Realty Corp. v Chera, 308 AD2d 148, 153 [1st Dept 2003]). Plaintiff, which was excluded from the transaction almost from the outset, was not a procuring cause of Kuafu's purchase (see SPRE Realty, Ltd. v Dienst, 119 AD3d 93, 97—98 [1st Dept 2014]). Moreover, there is no independent claim of bad faith against Kuafu, because Horn, not Kuafu, excluded plaintiff from the transaction as plaintiff's services were not needed. Plaintiff's exclusion occurred well before negotiations between Horn and sellers (and perforce Kuafu and sellers) were plainly and evidently reaching success (see Sibbald v Bethlehem Iron Co., 83 NY 378,385 [1881]; Aegis Prop. Servs. Corp. v Hotel Empire Corp., 106 AD2d 66, 75 [1st Dept 1985]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 6, 2018
CLERK