## Newco Capital Group, VI, LLC v Fat Cat Tavern, Inc.

2024 NY Slip Op 30245(U)

January 22, 2024

Supreme Court, Rockland County

Docket Number: Index No. 035033/2023

Judge: Thomas P. Zugibe

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

*To commence the 30 day statutory time period for appeals as of right (CPLR 5513[a]), you are advised to serve a copy of this order, with notice of entry, upon all parties.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
--------------------------------------------------------------------------X
NEWCO CAPITAL GROUP, VI, LLC

                                    Plaintiff,

          -against-

FAT CAT TAVERN, INC. d/b/a FAT CAT TAVERN,
FAT CAT TAVERN, INC. TAVERN AND
RESTAURANT, and WILLIAM JOHN SOLEAU,

                                   Defendants.
--------------------------------------------------------------------------X
ZUGIBE, J.

**DECISION AND ORDER**
Index No.: 035033/2023

Mot. Seq. #s: 1/2

       In connection with the motions submitted by NEWCO CAPITAL GROUP, VI, LLC ("Newco" or "Plaintiff"): (1) for dismissal of the counterclaims asserted against it pursuant to CPLR 3211(a)(1) and (7); and (2) for summary judgment against each of the Defendants, jointly and severally, pursuant to CPLR 3212, the Court has read and considered NYSCEF documents 13-18, 20-21, 23-37, and 39, and hereby renders the following Decision and Order:

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

       This action was commenced by way of a Summons and Complaint filed with the Rockland County Clerk on October 11, 2023. NYSCEF Doc. 1. The underlying action seeks damages based on an alleged breach of a Revenue Purchase Agreement entered into between the parties on or around June 14, 2023. *Id.* As per the Agreement, the Defendant FAT CAT TAVERN, INC. d/b/a FAT CAT TAVERN ("Fat Cat Tavern") was to remit to Plaintiff 5% of its receivables until the full purchase amount of the agreement, specifically, $66,000, was remitted. *Id.* The parties agreed upon the use of one specific bank account whereby the Plaintiff had authority from Defendant to make withdrawals of the specified amount of receivables until the $66,000 was paid. *Id.* As per the Plaintiff, Defendant WILLIAM JOHN SOLEAU ("Mr. Soleau") is the owner and operator of Fat Cat Tavern, and he signed a personal guaranty of the obligations in set forth in the Agreement. *Id.* As per the Complaint, Fat Cat is a Florida limited liability corporation, and Mr. Soleau is a resident of the State of Florida. *Id.* As a result of the facts alleged in the Complaint, Plaintiff, a New York limited liability company, is suing for breach of contract and personal guarantee, and is seeking damages in the amount of $53,572.20, plus interest, costs and fees, against Fat Cat Tavern and Mr. Soleau jointly and severally. *Id.*

1

[* 1]

Defendants have filed an Answer to the Complaint. NYSCEF Doc. 3. The Answer asserts counterclaims as against the Plaintiff, specifically breach of contract claims with respect to both Fat Cat Tavern and Mr. Soleau. *Id.* In response, Plaintiff has moved to dismiss the breach counterclaims, and has also moved for summary judgment against all Defendants. The Court will address each of these applications in the instant Decision.

## MOTION FOR SUMMARY JUDGMENT

### Contentions of the Parties

Plaintiff, in support of its summary judgment motion, submits the Agreement at issue. NYSCEF Doc. 28. Plaintiff also submits the Affidavit of Phillip Scaglione, Esq., the manager of Newco, who affirms that his job duties include the maintenance of Defendants' account records. NYSCEF Doc. 26. Scaglione affirms that on June 14, 2023, Defendant Fat Cat Tavern and Newco entered into the agreement which provided that said Defendant would sell future receivables and sale proceeds with a face value of $66,000 for the sum of $50,000 to Newco. *Id.* Pursuant to the agreement, Fat Cat would pay Newco by ensuring that its sale proceeds and receivables were deposited into one designated bank account, permitting Newco to electronically debit from said account 5% of their weekly sales proceeds until Newco collected the $66,000. *Id.* On June 14, 2023, Newco deposited $50,000, less applicable fees, into Fat Cat's account, as evidenced by the proof of funding attached to the affidavit. NYSCEF Doc. 32. Subsequently, Scaglione contends that Fat Cat Tavern performed some of its obligations, by having remitted $27,206 of the sale proceeds to Newco between June 14, 2023 and October 5, 2023. NYSCEF Doc. 26. On October 5, 2023, Newco was apparently denied access to the authorized account. *Id.* This action was subsequently commenced. Defendants still owe Plaintiff the balance of $38,794. In addition, the Plaintiff asserts that the Defendants have incurred, as per the terms of their agreement, a default fee of $3,000, NSF fees totaling $140 and $11,638.20 in attorneys' fees,[1] thus totaling $53,572.20. The agreement is signed by Mr. Soleau as a guarantor. NYSCEF Doc. 28.

Based on the foregoing, Plaintiff contends that it has established its *prima facie* entitlement to summary judgment on its causes of action for breach of contract and breach of the personal guarantee.

In opposition, Defendants submit the affidavit of Defendant Mr. Soleau. NYSCEF Doc. 33. Mr. Soleau admits to having entered into the subject agreement, but contends that he did so under "economic stress and fraudulent misrepresentations" of Plaintiff. *Id.* Mr. Soleau states that it was not explained to him that in the event of a default, or if he requested reconciliation or if he were to apply for another loan or file for bankruptcy, the Plaintiff would have the right to demand the immediate full repayment of any unpaid principal balance. *Id.* Mr. Soleau states that due to decreased business, he "reached out" to Plaintiff on October 4, 2023 in order to request a reconciliation of the remittance amount owed, and essentially disputes Mr. Scaglione's conclusion that Defendants' interference with Plaintiff's right to collect the daily amount

---

[1] The agreement specifically calculates attorney's fees as the "amount equal to 30% of the Remaining Balance (purchased amount less amount remitted by Merchant" …shall be immediately assessed[.]" NYSCEF Doc. 2.

[* 2]

constituted a default. *Id.* Mr. Soleau admits that pursuant to the agreement, he is obligated to repay the Plaintiff both the unpaid principal and the sum advanced. *Id.* However, he contends that the loan was essentially procured by fraud, and the interest rates are usurious, and requests that the Court deny the motion and dismiss the action altogether. *Id.*

Counsel for the Defendants argues in his memorandum of law that the instant loan, when considering the transaction in its entirety, is usurious, and therefore unenforceable. NYSCEF Doc. 35. Defendants also contend that triable issues of fact exist which preclude the Court from granting summary judgment at this stage in the litigation. Specifically, Defendants' counsel submits that issues of fact remain regarding Plaintiff's frustration of Defendants' ability to obtain reconciliation. Without an implementable and meaningful reconciliation clause, Defendants argue that the agreement is nothing more than "a usurious loan agreement" that is unconscionable as a matter of law. NYSCEF Doc. 35.

In reply, Plaintiff disputes that issues of fact exist and contends that the Defendants do not, in their opposition, dispute that they breached the terms of the agreement at issue. Additionally, Plaintiff argues that the agreement at issue does not constitute a usurious loan, inasmuch as it includes a reconciliation clause, does not contain a fixed term, and because filing of bankruptcy was not set forth as an event of default thereunder. NYSCEF Doc. 39.

Analysis

The remedy of summary judgment is a drastic one and it should only be granted when it is clear no triable issue of material fact exists. *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 508 N.Y.S.2d 923 (1986); *Andre v. Pomeroy*, 35 N.Y.2d 361, 362 N.Y.S.2d 131 (1974). On a motion for summary judgment, the proponent "must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case." *Winegrad v. New York Univ. Med. Center*, 64 N.Y.2d 851, 852, 487 N.Y.S.2d 316, 317 (1985); *Zuckerman v. City of New York*, 49 N.Y.2d 557, 427 N.Y.S.2d 595 (1980). Once such a showing has been made, the burden of proof shifts such that an opponent to a motion for summary judgment must demonstrate the existence of a genuine triable issue of fact. *Alvarez*, *supra*.

The papers submitted in support of and in opposition to a summary judgment motion should be scrutinized in a light most favorable to the party opposing the motion. *Dowsey v. Megerlan*, 121 A.D.2d 497, 503 N.Y.S.2d 591 (2d Dept. 1986); *Gitlin v. Chirkin*, 98 A.D.3d 561, 949 N.Y.S.2d 712 (2d Dept. 2012). As summary judgment is the procedural equivalent of a trial, if there is any doubt as to the existence of a triable issue of fact, or where a material issue of fact is even "arguable", the motion *must* be denied. *Phillips v. Kantok & Co.*, 31 N.Y.2d 307, 338 N.Y.S.2d 882 (1982); *Andre*, *supra*.

The Court determines that the Plaintiff in the instant matter has met its *prima facie* showing of entitlement to summary judgment. The evidence establishes that the Defendants breached the clear terms of the agreement. In fact, Mr. Soleau admits in his sworn affidavit that the terms of the agreement were such that he was unable to perform his obligations, and that pursuant to the agreement, he is obligated to repay the principal sum advanced as well as interest. NYSCEF Doc. 33. The issue then becomes whether the Defendants have raised triable issues of fact in opposition to the motion. Defendants contend that they have raised a factual issue as to

3

[* 3]

whether the agreement at issue is really a front for a usurious loan, in which case, it would be essentially unenforceable.

The Second Department has addressed this issue in cases with similar agreements. The Second Department set forth in *LG Funding, LLC v. United Senior Props of Olathe, LLC*, that "[t]he rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be[.]" 181 A.D.3d 664, 665, 122 N.Y.S.3d 309 (2d Dept. 2020). Courts, in determining whether a transaction constitutes a usurious loan, must consider the transaction in its entirety and judge same "'by its real character, rather than by the name, color, or form which the parties have seen fit to give it[.]'" *Id.* at 665 (internal citation omitted). If repayment of the principal sum advanced is absolute, the transaction may constitute a loan. In making this assessment, Courts generally weigh three factors: "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy[.]" *Id.* at 666.

The Court, in examining the agreement in the instant matter, makes the following observations. First, the agreement has a reconciliation clause. This clause sets forth that "[a]s long as an Event of Default or breach of this agreement, has not occurred, [the]Merchant, at any time, may request a retroactive reconciliation of the total Remittance Amount. All requests hereunder must be in writing to Reconciliations@NewCoCapitalGroup.com". NYSCEF Doc. 2. This section of the agreement continues by setting forth a list of what information needs to be included in the request for reconciliation. *Id.* The agreement, therefore, has a reconciliation provision. In addition, the agreement has a clause with instructions for requesting an adjustment of the remittance amount should the Merchant experience a decrease in future receipts. Similar to requesting a reconciliation, the requests must be in writing and emailed. *Id.*

Defendants contend that the reconciliation provision is illusory. Mr. Soleau affirms that he contacted the Plaintiff to request reconciliation, and his request was denied. NYSCEF Doc. 33. However, absent from the opposition (or the counterclaims, for that matter) is any indication that the reconciliation process set forth in the agreement was followed. No written request for reconciliation or an adjustment of the remittance amount was apparently ever made. Therefore, the Court cannot rely on the suggestion from Defendants that the clauses were illusory when there is no record evidence that establishes Defendants complied with the requirements of the agreement in making the requests. Further, to the extent that the process for making a request to adjust the remittance amount has actually been followed by the merchant, the agreement indicates that "the remittance *shall* be modified to more closely reflect the Merchant's actual receipts…" *Id.* There are no questions of fact raised by Defendants in response to the motion that indicate that this provision is illusory.

Next, the Court will address the term of the agreement. The agreement itself provides that it "shall remain in full force and effect until the entire Purchased Amount and any other amounts due are received[.]" NYSCEF Doc. 2. Therefore, there is no finite term set forth in the agreement.

Finally, with respect to the issue of recourse should the merchant Defendant declare bankruptcy, the Court notes that the agreement itself does not indicate that bankruptcy

4

[* 4]

constitutes an Event of Default. NYSCEF Doc. 2. The guarantor is specifically, as per the agreement, not liable for any amounts due pursuant to the agreement unless the merchant commits an act of default. *Id.* The agreement requires the Merchant to affirm that as of the date thereof, it is not insolvent and did not contemplate filing for bankruptcy. *Id.* However, bankruptcy is not delineated as an Event of Default.

Therefore, after examining the relevant characteristics of the transaction at issue, this Court determines that the agreement at issue does not constitute a loan. *See*, *Principis Capital, LLC v. I Do, Inc*., 201 A.D.3d 752, 160 N.Y.S.3d 325 (2d Dept. 2022) (where agreement does not have a finite term and no contractual provision existed establishing that a declaration of bankruptcy was an event of default, the transaction is not considered a loan). Therefore, since the Plaintiff has established its *prima facie* entitlement to summary judgment, its motion is granted.

## MOTION TO DISMISS COUNTERCLAIMS

The two counterclaims asserted in the Defendants' Answer sound in breach of contract. NYSCEF Doc. 3. Though Defendants make reference to fraud in the procurement of the agreement, there is no fraud counterclaim set forth in their Answer. Rather, Defendants contend that Plaintiff did not live up to its end of the bargain when it denied their request for reconciliation. As a result, Defendants contend they suffered monetary damages.

Plaintiff moves to dismiss these counterclaims for failure to state a claim. Plaintiff argues that Defendants do not include allegations concerning how they performed their obligations pursuant to the agreement, when/how they requested a reconciliation in accordance with the agreement, that they were entitled to have their payments under the agreement reduced, and that they were damaged as a *specific* result of the Plaintiff's denial of their request. Since the specific terms of the agreement that were purportedly breached are not laid out in the pleading, Plaintiff posits that the counterclaims must be dismissed pursuant to CPLR 3211(a)(7). Defendants oppose the motion and argue that same is really a summary judgment motion in disguise. Defendants submit that their counterclaims, as pled, fit within cognizable legal theories and, therefore, should not be dismissed.

In deciding a motion to dismiss, whether it pertains to a Complaint or a counterclaim as asserted in an Answer, the allegations in a complaint must be construed liberally, in the light most favorable to the plaintiff, and said allegations must be accepted as true. *Zellner v. Odyl, LLC*, 117 A.D.3d 1040, 986 N.Y.S.2d 592 (2d Dept. 2014). If, from the four corners of the pleading, "'factual allegations are discerned which taken together manifest any cause of action cognizable at law'…" the dismissal motion must fail. *Id.* at 1040 (internal citation omitted). Whether the complaint will survive a summary judgment motion, or whether plaintiff will ultimately be able to prove its entitlement to relief, is irrelevant in determining a CPLR 3211 dismissal motion. *See generally*, *Id.* In determining the motion to dismiss, however, the Court has no obligation to accept as true conclusory statements with no factual support. *Kopelowitz & Co., Inc. v. Mann*, 83 A.D.3d 793, 798, 921 N.Y.S.2d 108 (2d Dept. 2011).

For the reasons set forth, *supra*, the Court dismisses the counterclaims. First, the Court has granted the Plaintiff's summary judgment motion for all the reasons delineated above.

5

Moreover, the Plaintiff is correct that the Defendants have asserted that the Plaintiff's denial of their reconciliation request is a breach, but noticeably absent from the pleading is any allegation that a specific written request for reconciliation was ever made, much less that it was made properly and in accordance with the agreement. The fact that Defendants had the right to request reconciliation and that it was constructively denied is not tantamount to a breach of contract. The allegations in the counterclaims are, therefore, insufficient to state a claim for breach of contract.

## CONCLUSION

Now, therefore, based on the foregoing, it is

*ORDERED*, that Plaintiff's applications are granted in their entirety as set forth, *supra*; and it is further

*ORDERED*, summary judgment in the total amount of $53,572.20 is granted in favor of the Plaintiff and as against the above Defendants, jointly and severally, plus prejudgment interest at the rate of 9% per annum from the date of the breach, specifically, October 5, 2023, and ending when the money judgment against them has been fully satisfied, along with costs and disbursements as taxed by the Clerk upon the submission of a proper bill of costs and form judgment; and it is further

*ORDERED*, that Plaintiff serve a copy of this Decision and Order upon the Defendants via first class mail upon their counsel of record within ten (10) days from its entry. Proof of service of this Decision and Order upon Defendants shall be filed with the Clerk before said Judgment is entered.

This constitutes the Decision and Order of this Court.

Dated: January 22, 2024
New City, New York

_____
HON. THOMAS P. ZUGIBE, J.S.C.

6

[* 6]