City of New York v Tuesdai Family Irrevocable Living Trust (2025 NY Slip Op 06306)

City of New York v Tuesdai Family Irrevocable Living Trust

2025 NY Slip Op 06306

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-08707
 (Index No. 527069/19)

[*1]City of New York, respondent, 
v
Tuesdai Family Irrevocable Living Trust, appellant, et al., defendants.

Freeman & Associates, LLP, Brooklyn, NY (Aldric Freeman of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Claude S. Platton and Antonella Karlin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mechanic's lien, the defendant Tuesdai Family Irrevocable Living Trust appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated October 6, 2021. The order denied that defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it and to summarily discharge the mechanic's lien.
ORDERED that the order is affirmed, with costs.
In December 2019, the plaintiff commenced this action against, among others, the defendant Tuesdai Family Irrevocable Living Trust (hereinafter the defendant), the owner of a residential apartment building located in Brooklyn (hereinafter the property), inter alia, to foreclose a mechanic's lien. The plaintiff alleged that it filed the mechanic's lien in connection with the property pursuant to Administrative Code of the City of New York § 26-305 to recoup from the defendant expenses the plaintiff incurred in providing relocation services to the occupants of the property. According to the plaintiff, the conditions necessitating the relocation of the occupants of the property were caused by the defendant's negligent or intentional acts in failing to maintain the property. The defendant interposed an answer and then moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it and to summarily discharge the mechanic's lien. The plaintiff opposed. In an order dated October 6, 2021, the Supreme Court denied the defendant's motion. The defendant appeals. We affirm.
Lien Law § 19 enumerates the grounds for the discharge of a mechanic's lien interposed against a property such as the one at issue here (see Robert K. Futterman & Assoc., LLC v Boerum Commercial, LLC, 134 AD3d 690, 690). As an initial matter, "[t]o be summarily discharged, the notice of lien must be invalid on its face" (Matter of JT2 Squared Realty, LLC v Interiors by Shelley Stein-Bigajer, 219 AD3d 1334, 1335 [internal quotation marks omitted]). "When there is no defect on the face of the notice of lien, any dispute regarding the validity of the lien must await the lien foreclosure trial" (Matter of Old Post Rd. Assoc., LLC v LRC Constr., LLC, 177 AD3d 658, 659; see Lane Constr. Co., Inc. v Chayat, 117 AD3d 992, 993).
Contrary to the defendant's contention, its arguments do not pertain to whether the notice of lien is deficient on its face but rather to the ability of the plaintiff to file a lien (see Rivera v Department of Hous. Preserv. & Dev. of the City of N.Y., 29 NY3d 45, 53). Since the defendant [*2]did not establish that the notice of lien was invalid on its face, any dispute regarding the validity of the mechanic's lien must await trial thereof by foreclosure (see id. at 55; Matter of Old Post Rd. Assoc., LLC v LRC Constr., LLC, 177 AD3d at 659-660).
Moreover, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law[,] a motion for dismissal will fail" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Leon v Martinez, 84 NY2d 83, 87-88). "The complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference" (Kopelowitz & Co., Inc. v Mann, 83 AD3d 793, 797 [internal quotation marks omitted]). Moreover, where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d at 275). Here, the evidence in the record and the factual allegations in the complaint support the determination that the plaintiff has causes of action pursuant to Administrative Code § 26-305(4)(a) and Lien Law § 54 (see Lane Constr. Co., Inc. v Chayat, 117 AD3d at 993). The defendant did not establish that a material fact as claimed by the plaintiff is not a fact at all or that no significant dispute exists regarding it (see Matter of Toyota Lease Trust v Perfection Auto Serv., Inc., 230 AD3d 1323, 1324).
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it and to summarily discharge the mechanic's lien.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court